```
 1              UNITED STATES DISTRICT COURT

 2       CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

 3     HONORABLE MAAME EWUSI-MENSAH FRIMPONG, U.S. DISTRICT JUDGE

 4

 5   UNITED STATES OF AMERICA,        )
                                      )
 6                   Plaintiff,       )
                                      )
 7       v.                           )   Case No. CR 23-169 MEMF
                                      )
 8   MICHAEL BARZMAN,                 )
                                      )
 9                   Defendant.       )
     _____)

10

11              REPORTER'S TRANSCRIPT OF PROCEEDINGS
                    CHANGE OF PLEA HEARING
12                  FRIDAY, MAY 26, 2023
                        10:15 A.M.
13                 LOS ANGELES, CALIFORNIA

14

15

16

17

18

19

20

21

22   _____

23        MYRA L. PONCE, CSR NO. 11544, CRR, RPR, RMR, RDR
              FEDERAL OFFICIAL COURT REPORTER
24             350 WEST 1ST STREET, ROOM 4455
              LOS ANGELES, CALIFORNIA  90012
25                    (213) 894-2305
```

1               **APPEARANCES OF COUNSEL:**

2

3   **FOR THE PLAINTIFF:**

4      E. MARTIN ESTRADA
      United States Attorney
5      BY:  ALIX MCKENNA
         Assistant United States Attorney
6      United States Courthouse
      312 North Spring Street
7      Los Angeles, California  90012

8

9   **FOR THE DEFENDANT:**

10     LAW OFFICES OF JOEL C. KOURY
     BY:  JOEL C. KOURY
11         Attorney at Law
     3435 Ocean Park Boulevard, Suite 107-50
12     Santa Monica, California  90405

13

14

15

16

17

18

19

20

21

22

23

24

25

```
              1              FRIDAY, MAY 26, 2023; 10:15 A.M.

              2                   LOS ANGELES, CALIFORNIA

              3                            -oOo-

              4              THE COURTROOM DEPUTY:  Calling Item No. 1,

10:15AM       5   LA Criminal Case 23-00169 MEMF, United States of America versus

              6   Michael Barzman.

              7              Counsel, please state your appearances.

              8              MS. MCKENNA:  Good morning, Your Honor.

              9   Alix McKenna for the Government.

10:15AM      10              THE COURT:  Good morning.

             11              MR. KOURY:  Good morning, Your Honor.  Joel Koury

             12   with Mr. Barzman who is at counsel table with me.

             13              THE COURT:  Good morning.

             14              MR. KOURY:  And I wanted to apologize to the Court

10:16AM      15   and staff, Your Honor.  We were a few minutes late because

             16   counsel and I were outside the wrong courtroom.  And I had -- I

             17   was the person that started that mistake, and I apologize.

             18              THE COURT:  Okay.  Understood.  No problem.  Thank

             19   you.

10:16AM      20              Give me just a moment.

             21              (Pause in the proceedings.)

             22              THE COURT:  Can I see counsel at sidebar briefly?

             23   Thank you.

             24              Off the record.

10:17AM      25              (Off-the-record discussion.)
```

1          THE COURT:  Okay.  We are back on the record.

2          Good morning to both counsel.

3          Good morning, Mr. Barzman.  I understand from your

4    counsel that you do have some family present and if counsel

10:18AM  5    could just introduce them.

6          MR. KOURY:  Your Honor, present in the courtroom is

7    Arisa Ortiz who is here as a support person for my client.

8          THE COURT:  Okay.  Thank you.

9          So, Ms. Ortiz, thank you for being here.  I just

10:18AM  10   wanted to acknowledge your presence.  As the attorneys will

11   know, there are many defendants in criminal cases that have

12   nobody that comes to support them on any of their court dates.

13         So I really appreciate your presence here today.  I

14   imagine it's not easy for you to be here.  And -- but I trust

10:18AM  15   Mr. Barzman really support -- appreciates your support.  And I

16   do commend you for being here with us today, and I welcome you

17   to my courtroom.

18         Okay.  So with that, we will get started.

19         Mr. Barzman, this is the first time I'm meeting you

10:18AM  20   because everything is moving sort of fast.  But I understand

21   that you were before another judge for your arraignment, and

22   I'm the judge who's going to handle things from here on out.

23         There's going to be a lot of questions and answers

24   today.  I'm going to ask both of you to stand at counsel

10:19AM  25   table -- excuse me -- stand at the lectern, as you're able.

1        I'll repeat this a number of times, but let me say

2   this to begin with, that no one wants you to be rushed during

3   this process.  And it's very important that you understand

4   absolutely everything that happens.

10:19AM  5        So if at a certain point you are confused or you

6   have a question or you need to ask me something or you need to

7   ask your attorney something, please interrupt me or ask your

8   attorney to interrupt me.

9        If at a certain point you're just feeling

10:19AM 10  overwhelmed and you need a break to talk to your attorney or

11  just to breathe, then interrupt me or ask your attorney to

12  interrupt me because it's very important that, as you have

13  already discussed with your attorney, there are some serious

14  consequences that are going to flow from what happens today.

10:19AM 15  And my role is to make sure that you know all of those

16  consequences and that you freely accept all of them.

17       And if at a point you need to take a break to talk

18  about it with your attorney further or just to think, then you

19  should let us know.  Understood?

10:20AM 20       THE DEFENDANT:  Yes.

21       THE COURT:  Okay.  Thank you.

22       So I will -- yes, Counsel?

23       MR. KOURY:  Could I have one minute?

24       THE COURT:  Yes.  We'll go off the record.

25  ///

**UNITED STATES DISTRICT COURT**

1          (Off-the-record discussion between

2           the defendant and his counsel.)

3          THE COURT:  Okay.  So I will ask counsel and

4    Mr. Barzman to take the podium.

10:20AM  5          And, Counsel, the podium actually goes -- there's a

6    button to the right of the microphone on the podium that allows

7    it to go up and down.  So if --

8          MR. KOURY:  Understood, Your Honor.

9          THE COURT:  Whoever's going to be standing there, if

10:21AM 10   you need to raise it or lower it --

11         MR. KOURY:  Your Honor --

12         THE COURT:  -- please do so.

13         Yes?

14         MR. KOURY:  The reason why I asked for that -- the

10:21AM 15   momentary break, Mr. Barzman -- as you will discover when the

16   pretrial sentencing report is prepared, Mr. Barzman has

17   suffered from cancer and he has a prosthetic -- well, it's not

18   prosthetic, but he has a limb replacement in his leg.

19         THE COURT:  Okay.

10:21AM 20         MR. KOURY:  And I was just checking with him if it's

21   going to be difficult for him to stand for the 15, 20 minutes,

22   however long the Court's questioning may be.

23         He's indicated that he thinks he is comfortable

24   doing it.  But in the event that he's having difficulty, I'm

10:21AM 25   going to notify the Court and then we may ask to sit down, if

1    needed.

2              THE COURT:  Okay.  Well, why don't we just sit down.

3    We just sit down and we eliminate that added stress.

4              MR. KOURY:  Okay.

10:21AM  5         THE COURT:  So you can both be seated.  And just

6    make sure, counsel, if you pull the microphones, both, close to

7    you so that we can all be heard.

8              Wonderful.  Okay.

9              So with that, Counsel, I understand that Mr. Barzman

10:22AM 10   wishes to enter a plea of guilty pursuant to the agreement that

11   was filed on April 11th and found at ECF No. 3?

12             MR. KOURY:  That's correct, Your Honor.

13             THE COURT:  Okay.  Thank you.

14             And, Counsel, you can -- in light of all this, you

10:22AM 15   can -- both of you can remain seated.  Thank you.

16             MR. KOURY:  Thank you.

17             THE COURT:  The plea agreement will be incorporated

18   and made a part of this proceeding.

19             Let me inquire of the prosecutor, Ms. McKenna.  Are

10:22AM 20   there any victims and have they been notified of this

21   proceeding and, if so, do they wish to be heard?

22             MS. MCKENNA:  No, Your Honor.

23             THE COURT:  Thank you.

24             There are no victims and, therefore, none that wish

10:22AM 25   to be heard?

1          MS. MCKENNA:  There are no victims that wish to be

2     heard, Your Honor.

3          THE COURT:  Okay.  Thank you.

4          Mr. Barzman, before I accept your plea of guilty, I

10:22AM   5     must be sure that you're fully informed of your rights and that

6     you understand your rights and the nature of this proceeding.

7     So as mentioned, I'm going to ask you a series of questions and

8     I'm going to tell you about certain rights.

9          If you don't understand one of my questions or any

10:23AM   10    statement that I make, please tell me and I will stop and make

11    it clear for you.

12         Also, as I indicated before, you can stop me at any

13    time to talk to your lawyer or if you just need a break, please

14    let me know.

10:23AM   15         And I'll just reiterate, as I said before, it's very

16    important that you understand and are freely agreeing to

17    everything that happens here today.  So please interrupt me or

18    ask your lawyer to interrupt me if at any point you need a

19    break.

10:23AM   20         I will now ask the courtroom deputy clerk to

21    administer the oath.

22         THE COURTROOM DEPUTY:  Please raise your right hand.

23         Do you solemnly swear that you will make true

24    answers to such questions that the Court may ask you regarding

10:23AM   25    your change of plea so help you God?

|   | 1 | THE DEFENDANT:  Yes. |
|---|---|---|
|   | 2 | THE COURTROOM DEPUTY:  Thank you. |
|   | 3 | THE COURT:  Okay.  Mr. Barzman, do you understand |
|   | 4 | that you are now under oath and your answers may be used |
| 10:24AM | 5 | against you in any prosecution for perjury or making a false |
|   | 6 | statement? |
|   | 7 | THE DEFENDANT:  Yes, Your Honor. |
|   | 8 | THE COURT:  Do you understand that you have the |
|   | 9 | right to remain silent and not to answer any of my questions? |
| 10:24AM | 10 | THE DEFENDANT:  Yes. |
|   | 11 | THE COURT:  Do you give up that right to remain |
|   | 12 | silent? |
|   | 13 | THE DEFENDANT:  Yes. |
|   | 14 | THE COURT:  Counsel, do you join? |
| 10:24AM | 15 | MR. KOURY:  I do, Your Honor. |
|   | 16 | THE COURT:  Mr. Barzman, what is your true and |
|   | 17 | correct, full name? |
|   | 18 | THE DEFENDANT:  Michael Philip Barzman. |
|   | 19 | THE COURT:  Thank you. |
| 10:24AM | 20 | And Philip is spelled? |
|   | 21 | THE DEFENDANT:  P-h-i-l-i-p. |
|   | 22 | THE COURT:  Thank you. |
|   | 23 | How old are you? |
|   | 24 | THE DEFENDANT:  45. |
| 10:24AM | 25 | THE COURT:  Did you graduate from high school? |

**UNITED STATES DISTRICT COURT**

|   |   |
|---|---|
| 1 | THE DEFENDANT:  Yes. |
| 2 | THE COURT:  Did you graduate from college? |
| 3 | THE DEFENDANT:  I did partial college, Your Honor. |
| 4 | THE COURT:  How many years? |
| 10:24AM 5 | THE DEFENDANT:  Two years. |
| 6 | THE COURT:  Okay.  Thank you. |
| 7 | Have you been treated recently for any mental |
| 8 | illness or addiction to narcotics of any kind? |
| 9 | THE DEFENDANT:  AA but -- I'm in AA. |
| 10:25AM 10 | THE COURT:  Thank you. |
| 11 | Are you under the influence of any drug, medication, |
| 12 | or alcoholic beverage of any kind? |
| 13 | THE DEFENDANT:  No, Your Honor. |
| 14 | THE COURT:  Have you had any drugs, medication, or |
| 10:25AM 15 | alcohol within the last three days? |
| 16 | THE DEFENDANT:  No. |
| 17 | THE COURT:  And so you don't -- Mr. -- your attorney |
| 18 | mentioned your cancer diagnosis.  And I do wish you the best |
| 19 | with respect to that. |
| 10:25AM 20 | There's no medication you're taking for that? |
| 21 | THE DEFENDANT:  No. |
| 22 | THE COURT:  Okay.  Thank you. |
| 23 | Do you suffer from any mental condition or |
| 24 | disability that would prevent you from fully understanding the |
| 10:25AM 25 | charges against you or the consequences of your guilty plea? |

|   | 1 | THE DEFENDANT:  No, Your Honor. |
|---|---|---|
|   | 2 | THE COURT:  Is there any reason we should not go |
|   | 3 | forward today? |
|   | 4 | THE DEFENDANT:  No, Your Honor. |
| 10:25AM | 5 | THE COURT:  Mr. Koury? |
|   | 6 | MR. KOURY:  Yes. |
|   | 7 | THE COURT:  Sorry, Counsel.  Can you pronounce your |
|   | 8 | name? |
|   | 9 | MR. KOURY:  Koury is correct, Your Honor. |
| 10:25AM | 10 | THE COURT:  Okay.  Thank you. |
|   | 11 | Have you talked to your client today about these |
|   | 12 | proceedings? |
|   | 13 | MR. KOURY:  I have. |
|   | 14 | THE COURT:  Do you have any reason to believe he |
| 10:26AM | 15 | should not go forward with this plea today? |
|   | 16 | MR. KOURY:  No, Your Honor. |
|   | 17 | THE COURT:  Do you believe that he's in possession |
|   | 18 | of his faculties and is competent to proceed? |
|   | 19 | MR. KOURY:  Yes, Your Honor. |
| 10:26AM | 20 | THE COURT:  Based on the statements of the defendant |
|   | 21 | and his counsel and my observations, I find that the defendant |
|   | 22 | is in full possession of his faculties and is competent to |
|   | 23 | proceed. |
|   | 24 | Mr. Barzman, you are charged with making false |
| 10:26AM | 25 | statements, in violation of Title 18 of the United States Code, |

**UNITED STATES DISTRICT COURT**

Section 1001(a)(2), which is a felony.  Do you understand the charge?

        THE DEFENDANT:  I do, Your Honor.

        THE COURT:  Now, you have the constitutional right to be charged by an Indictment returned by a grand jury.  You can waive that right and consent to being charged by an Information filed by the U.S. Attorney.  And in this case, the felony charges against you have been brought by the filing of an Information.

        Unless you waive Indictment, you may not be charged with a felony unless a grand jury finds that there is probable cause to believe that a crime has been committed and that you committed it.

        If you do not waive Indictment, the Government may present the case to the grand jury and ask that the grand jury indict you.

        And a grand jury is composed of at least 16 and not more than 23 persons.  At least 12 grand jurors must find that there is probable cause to believe that you committed the crime with which you are charged before you may be indicted.  The grand jury might or might not indict you.

        If you waive Indictment by the grand jury, the case will proceed against you on the U.S. Attorney's Information, as though you had been indicted.

        Have you discussed waiving your right to Indictment

| | | |
|---|---|---|
| | 1 | by the grand jury with your lawyer? |
| | 2 | THE DEFENDANT:  Yes, Your Honor. |
| | 3 | THE COURT:  And do you understand your right to |
| | 4 | Indictment by a grand jury? |
| 10:27AM | 5 | THE DEFENDANT:  Yes, Your Honor. |
| | 6 | THE COURT:  Has anyone made any promises, |
| | 7 | representations, or guarantees of any kind to you in order to |
| | 8 | get you to waive your right to an Indictment? |
| | 9 | THE DEFENDANT:  No, Your Honor. |
| 10:28AM | 10 | THE COURT:  Has anyone attempted in any way to |
| | 11 | threaten you, your family, or anyone close to you to get you to |
| | 12 | waive your right to an Indictment? |
| | 13 | THE DEFENDANT:  No, Your Honor. |
| | 14 | THE COURT:  Has anyone attempted in any way to force |
| 10:28AM | 15 | you to waive your right to an Indictment? |
| | 16 | THE DEFENDANT:  No, Your Honor. |
| | 17 | THE COURT:  Do you want to waive and give up your |
| | 18 | right to an Indictment by a grand jury? |
| | 19 | THE DEFENDANT:  Yes, Your Honor. |
| 10:28AM | 20 | THE COURT:  Counsel, have you discussed with your |
| | 21 | client his right to be charged by an Indictment? |
| | 22 | MR. KOURY:  I have, Your Honor. |
| | 23 | THE COURT:  Do you know of any reason why he should |
| | 24 | not waive Indictment? |
| 10:28AM | 25 | MR. KOURY:  No, Your Honor. |

**UNITED STATES DISTRICT COURT**

|  |  |
|---|---|
|  | 1 |
|  | 2 |
|  | 3 |
|  | 4 |
| 10:28AM | 5 |
|  | 6 |
|  | 7 |
|  | 8 |
|  | 9 |
| 10:29AM | 10 |

1    THE COURT:  Are you satisfied that the waiver is

2  knowingly, voluntarily, and intelligently made?

3    MR. KOURY:  I am, Your Honor.

4    THE COURT:  Do you concur in the waiver?

5    MR. KOURY:  I do.

6    THE COURT:  I have a signed Waiver of Indictment

7  filed on April 24th, 2023, at ECF 14.

8    Counsel, do you have a copy of it in front of you?

9    MR. KOURY:  I do not, but I'm familiar with it

10  because we signed it.

11    THE COURT:  Thank you.

12    I just wanted to have Mr. Barzman confirm in open

13  court that it's his signature on the form.  So if the

14  Government doesn't have a copy, we can print a copy and show it

15  to him real quick.  I'll ask the clerk to do that.

16    We'll go off the record for a moment.

17    (Pause in the proceedings.)

18    THE COURT:  Okay.  We're back on the record.

19    And the clerk has printed a copy of the Waiver of

20  Indictment and given it to counsel and was showing it to

21  Mr. Barzman.

22    Mr. Barzman, is this your signature on the form?

23    THE DEFENDANT:  Yes, it is, Your Honor.

24    THE COURT:  Okay.  Did you read and understand the

25  waiver before you signed it?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  In the case of United States versus

3    Barzman, I find the defendant is fully competent and aware of

4    the nature of his right to require that the Government proceed

10:30AM  5    by way of an Indictment.  I further find that the waiver is

6    freely, intelligently, and voluntarily made.  I, therefore,

7    accept the waiver that was filed.

8          Okay.  Turning to Ms. McKenna.

9          Have you completed a review of your file and the

10:30AM  10    file and notes of any other prosecutors on the case to

11    determine whether there is any material favorable to the

12    defense or that might lead to information favorable to the

13    defense that has not yet been provided subject to the

14    limitations in *Ruiz*?  Have you completed that review?

10:31AM  15          MS. MCKENNA:  Yes, Your Honor.  And all such

16    material has been provided to counsel.

17          THE COURT:  Thank you.

18          Mr. Barzman, have you received a copy of the

19    Information that we talked about, that's the written statement

10:31AM  20    of the charges against you?

21          THE DEFENDANT:  Yes, I have, Your Honor.

22          THE COURT:  And for the record, the Information is

23    found at ECF No. 11 -- excuse me -- I think that's ECF No. 1

24    and was filed on April 11th.

10:31AM  25          You do have the right to have me read the

| | |
|---|---|
| 1 | Information to you.  Would you like me to read it to you? |
| 2 | THE DEFENDANT:  No, thank you, Your Honor. |
| 3 | THE COURT:  Do you give up that right? |
| 4 | THE DEFENDANT:  Yes, Your Honor. |
| 10:31AM  5 | THE COURT:  You also have the following |
| 6 | constitutional rights that you will be giving up if you plead |
| 7 | guilty: |
| 8 | You have the right to plead not guilty to any |
| 9 | offense charged against you and to persist in that plea. |
| 10:32AM  10 | You have the right to a speedy and public trial. |
| 11 | You have the right to a trial by jury. |
| 12 | At trial, you would be presumed to be innocent, and |
| 13 | the Government would have to prove your guilt by proving each |
| 14 | element of the charge beyond a reasonable doubt. |
| 10:32AM  15 | In a jury trial, your attorney, you, the prosecutor, |
| 16 | and myself would participate in selecting 12 members of the |
| 17 | community to serve as your jury.  I'm looking over there |
| 18 | because they would sit to my left. |
| 19 | At the trial, the Government would present its |
| 10:32AM  20 | evidence, and you could only be convicted if all 12 members of |
| 21 | the jury found unanimously that the Government had proven each |
| 22 | and every element of the charge against you beyond a reasonable |
| 23 | doubt. |
| 24 | And now, if both you and Government -- the |
| 10:32AM  25 | Government give up the right to a jury trial, you also have the |

**UNITED STATES DISTRICT COURT**

1    right to be tried by a judge.  That would be by me.

2          You have the right to assistance of counsel for your

3    defense, even if you do not enter into a plea agreement.

4          And if you cannot afford counsel, I will appoint you

10:33AM  5    counsel free of charge to assist you at trial and at every

6    other stage of the proceedings.

7          You have the right to confront and cross-examine the

8    witnesses against you, that is, to see and hear all the

9    witnesses and have them questioned by your lawyer.

10:33AM  10         You have the right to present evidence and have

11    witnesses subpoenaed and compelled to testify on your behalf.

12         You have the right to testify yourself on your own

13    behalf.

14         You have the privilege against self-incrimination,

10:33AM  15    that is, you have the right not to testify or to incriminate

16    yourself in any way.

17         If you went to trial and you decided not to testify,

18    that fact could not be used against you.

19         By pleading guilty, you are giving up that right and

10:34AM  20    you are incriminating yourself.

21         Finally, if you go to trial and you are convicted,

22    you have the right to appeal your conviction and your sentence.

23         Has your lawyer advised you of all of these rights?

24         THE DEFENDANT:  Yes, Your Honor.

10:34AM  25         THE COURT:  Do you understand all of them?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  Do you have any questions about any of

3    them?

4          THE DEFENDANT:  No, Your Honor.

10:34AM   5          THE COURT:  Do you need any more time to talk to

6    your lawyer about any of them?

7          THE DEFENDANT:  No, Your Honor.

8          THE COURT:  Do you understand that if I accept your

9    plea, you will be incriminating yourself and you will have

10:34AM  10   waived or, in other words, given up your right to a trial and

11   all of the other rights I just mentioned?

12         THE DEFENDANT:  I understand, Your Honor.

13         THE COURT:  Do you give up those rights?

14         THE DEFENDANT:  Yes, Your Honor.

10:34AM  15         THE COURT:  Counsel, are you satisfied that each of

16   these waivers is knowingly, voluntarily, and intelligently

17   made?

18         MR. KOURY:  I am, Your Honor.

19         THE COURT:  Do you concur and join in each of the

10:34AM  20   waivers?

21         MR. KOURY:  I do, Your Honor.

22         THE COURT:  Mr. Barzman, again, you are charged with

23   making false statements, in violation of Title 18 of the

24   United States Code, Section 1001(a)(2), which is a felony.  And

10:35AM  25   I understand that is the charge that you are pleading to.

1          I'm going to ask the prosecutor at this time to

2    describe the nature of the charges.

3          MS. MCKENNA:  Yes, Your Honor.

4          The defendant understands that for the defendant to

10:35AM  5    be guilty of the crime charged in the Information, that is,

6    making false statements to a Government agency, in violation of

7    18, U.S.C. 1001(a)(2), the following must be true:

8          First, the defendant made a false statement;

9          Second, the statement was made in a manner within

10:35AM 10   the jurisdiction of the FBI;

11         Third, the defendant acted willfully, that is, the

12   defendant acted deliberately and with knowledge, both that the

13   statement was untrue and that his conduct was unlawful; and

14         Fourth, the statement was material to the activities

10:35AM 15   or decisions of the FBI, that is, it had a natural tendency to

16   influence or was capable of influencing the agency's decisions

17   or activities.

18         THE COURT:  Thank you.

19         Mr. Barzman, do you understand the nature of the

10:36AM 20   charge?

21         THE DEFENDANT:  I do, Your Honor.

22         THE COURT:  Have you discussed the charge and the

23   elements of the charge with your lawyer?

24         THE DEFENDANT:  Yes, Your Honor.

10:36AM 25         THE COURT:  Do you have any questions about the

1    charge?

2              THE DEFENDANT:  No, Your Honor.

3              THE COURT:  Have you been advised of the maximum and

4    any minimum penalty?

10:36AM  5              THE DEFENDANT:  Yes, Your Honor.

6              THE COURT:  Ms. McKenna, can you please describe the

7    penalties, including the statutory maximum, any mandatory

8    minimum, the term of supervised release, fines, and special

9    assessments?

10:36AM  10             MS. MCKENNA:  The statutory maximum sentence that

11   the Court can impose for a violation of 18, U.S.C., 1001(a)(2),

12   is five years' imprisonment, a three-year period of supervised

13   release, a fine of $250,000 or twice the gross gain or gross

14   loss resulting from the offense, whichever is greatest, and a

10:36AM  15   mandatory special assessment of $100.

16             THE COURT:  Thank you.

17             Are there any *Apprendi* issues in this case,

18   Ms. McKenna?

19             MS. MCKENNA:  No, Your Honor.

10:37AM  20             THE COURT:  Mr. Barzman, you may be subject to

21   supervised release for a number of years after your release

22   from prison, if you are sent to prison.

23             Have you discussed with your lawyer and do you

24   understand supervised release?

10:37AM  25             THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Do you understand that if you are

sentenced to serve some time in prison and you are placed on

supervised release following imprisonment and you violate one

or more of the conditions of your supervised release, you may

10:37AM   be returned to prison for all or part of the term of supervised

release allowed by law?  Do you understand that?

THE DEFENDANT:  I do, Your Honor.

THE COURT:  Do you understand that, if that happens,

it could result in your serving a total term of imprisonment

10:38AM   greater than the statutory maximum?  Do you understand that?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Do you understand that if you are now on

parole, probation, or supervised release, this plea today alone

may be the basis for revocation of that parole, probation, or

10:38AM   supervised release and, as a result, you may be returned to

prison on that other case?  Do you understand that?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Do you understand that if you are not a

citizen of the United States, today's plea and conviction may

10:38AM   subject you to deportation or removal from the United States,

which in some circumstances may be mandatory, and it may result

in the denial of naturalization or citizenship, amnesty,

residency status, and admission to the United States in the

future?  Do you understand that?

10:38AM   THE DEFENDANT:  I understand, Your Honor.

1          THE COURT:  And the record will reflect that the

2    plea agreement also contains the immigration advisement at

3    paragraph 8.

4          Mr. Barzman, you are pleading to a felony offense.

10:39AM  5    If your plea is accepted, I will find you guilty.  That may

6    deprive you of valuable civil rights, including the right to

7    vote, the right to hold public office, the right to serve on a

8    jury, and the right to possess a firearm of any kind.  Do you

9    understand that?

10:39AM  10          THE DEFENDANT:  Yes, Your Honor.

11          THE COURT:  Ms. McKenna, is there any issue of

12    restitution in this case?

13          MS. MCKENNA:  There may be, Your Honor.  And likely

14    that will be a complex issue that would be the basis of a

10:39AM  15    future hearing.

16          THE COURT:  Okay.  So it's not addressed explicitly

17    in the plea agreement?

18          MS. MCKENNA:  No, Your Honor.

19          THE COURT:  Okay.  Mr. Barzman, I may order you to

10:40AM  20    pay restitution to any victim of the offense.  And as

21    Ms. McKenna has indicated, it's not addressed in the plea

22    agreement.

23          Do you understand the concept of restitution?

24          THE DEFENDANT:  Yeah, I understand, Your Honor.

10:40AM  25          THE COURT:  Okay.  Counsel, do you need just a few

         1   moments to speak with Mr. Barzman about that?
         2             MR. KOURY:  No.  I think -- I think he's -- he and I
         3   understand the consequences.
         4             THE COURT:  And you've previously discussed it?
10:40AM  5             MR. KOURY:  I have, yes.
         6             THE COURT:  Okay.  Thank you.
         7             Okay.  Mr. Barzman, do you understand and agree that
         8   you may have to pay restitution in this case?
         9             THE DEFENDANT:  Yes, Your Honor.
10:40AM 10             THE COURT:  And, Ms. McKenna, is forfeiture an issue
        11   in this case?
        12             MS. MCKENNA:  No, Your Honor.
        13             THE COURT:  Okay.  Thank you.
        14             And under some circumstances, Mr. Barzman, I may
10:41AM 15   order you to provide notice of the conviction to victims of the
        16   offense.
        17             Now, do you understand the possible consequences of
        18   your plea, including the maximum sentence you can receive and
        19   the other terms that the AUSA and I described?
10:41AM 20             THE DEFENDANT:  Yes, Your Honor.
        21             THE COURT:  Do you understand that parole has been
        22   abolished and, if you are sent to prison, you will not be
        23   released on parole?
        24             THE DEFENDANT:  Yes, Your Honor.
10:41AM 25             THE COURT:  Do you have any questions regarding the

1    maximum or possible minimum sentence you may possibly receive

2    if I accept your plea of guilty?

3            THE DEFENDANT:  No, Your Honor.

4            THE COURT:  Have you discussed the possible

10:41AM  5    punishment, the facts of your case, and the possible defenses

6    with your lawyer?

7            THE DEFENDANT:  Yes, Your Honor.

8            THE COURT:  Have you understood everything that has

9    been said so far?

10:41AM  10           THE DEFENDANT:  Yes, Your Honor.

11           THE COURT:  Is there any reason I should not

12    continue with these proceedings and take your plea today?

13           THE DEFENDANT:  No, Your Honor.

14           THE COURT:  Mr. Barzman, you will be sentenced under

10:41AM  15    the Sentencing Reform Act of 1984.  Under this law, the

16    United States Sentencing Commission has issued Sentencing

17    Guidelines.  I have to consult these guidelines and take them

18    into account in determining your sentence, but I'm not required

19    to follow them.

10:42AM  20           In determining your sentence, I am required to

21    calculate the applicable Sentencing Guidelines range and to

22    consider that range, possible departures under the Sentencing

23    Guidelines, and other sentencing factors under Title 18 of the

24    United States Code, Section 3553(a).

10:42AM  25           Have you and your lawyer talked about how the

1    guidelines might be applied in your case?

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  Do you understand that, regardless of

4    the Sentencing Guidelines range, I may sentence you to prison

10:42AM   5    for up to the maximum time allowed by law, which in this case

6    is five years?

7              THE DEFENDANT:  Yes, Your Honor.

8              THE COURT:  Has your lawyer explained how the

9    various elements and factors will be used to determine your

10:43AM   10   sentence?

11             THE DEFENDANT:  Yes, Your Honor.

12             THE COURT:  Do you understand that neither I nor

13   your lawyer will be able to determine the guidelines range for

14   your case until after the presentence report has been prepared?

10:43AM   15   THE DEFENDANT:  Yes, Your Honor.

16             THE COURT:  Do you understand that you and the

17   Government will have an opportunity to review the report and

18   challenge the reported facts and the guidelines range

19   calculation and to suggest that I consider other factors?

10:43AM   20   THE DEFENDANT:  Yes, Your Honor.

21             THE COURT:  Do you understand that the sentence

22   imposed by me may be different from any estimate your lawyer

23   may have given you?

24             THE DEFENDANT:  Yes, Your Honor.

10:43AM   25   THE COURT:  And do you understand that, after your

| | |
|---|---|
| 1 | guidelines range has been calculated, I can impose a sentence |
| 2 | that is within the guidelines, below the guidelines, or even |
| 3 | above the guidelines?  Do you understand that? |
| 4 | THE DEFENDANT:  Yes, Your Honor. |
| 10:43AM  5 | THE COURT:  Do you understand that this uncertainty |
| 6 | would not be a basis to withdraw your guilty plea? |
| 7 | THE DEFENDANT:  Yes, Your Honor. |
| 8 | THE COURT:  Do you understand that the |
| 9 | disappointment you may feel over the guidelines range |
| 10:44AM  10 | calculation would not be a basis to withdraw your guilty plea? |
| 11 | THE DEFENDANT:  Yes, Your Honor. |
| 12 | THE COURT:  And do you understand that my eventual |
| 13 | sentence would not be a basis to withdraw your guilty plea? |
| 14 | THE DEFENDANT:  Yes, Your Honor. |
| 10:44AM  15 | THE COURT:  Okay.  Turning to the plea agreement. |
| 16 | Mr. Koury, do you have it before you? |
| 17 | MR. KOURY:  I do, Your Honor. |
| 18 | THE COURT:  Thank you. |
| 19 | Mr. Barzman, did you read the plea agreement and |
| 10:44AM  20 | discuss it with your lawyer before you signed it? |
| 21 | THE DEFENDANT:  Yes, Your Honor. |
| 22 | THE COURT:  And if we can turn to what is page 21 of |
| 23 | the ECF document and 22 of the ECF document, it's a separate -- |
| 24 | scanned pages.  Do you see the pages I'm referring to? |
| 10:44AM  25 | Are those your signatures on those two pages? |

1          THE DEFENDANT:  Yes, they are, Your Honor.

2          THE COURT:  Do you understand the terms of the plea

3     agreement?

4          THE DEFENDANT:  Yes, Your Honor.

10:45AM  5          THE COURT:  Do you want any more time to discuss the

6     plea agreement with your lawyer?  Because I'm happy to give you

7     more time to discuss it.

8          THE DEFENDANT:  No, thank you, Your Honor.

9          THE COURT:  Now, do you understand that I am not a

10:45AM  10    party to the agreement?  So I am not bound by the terms of the

11    agreement.  Do you understand that?

12         THE DEFENDANT:  I do, Your Honor.

13         THE COURT:  Has anyone made any promises,

14    representations, or guarantees of any kind to you in an effort

10:45AM  15    to get you to plead guilty in this case other than what is

16    contained in the written plea agreement?

17         THE DEFENDANT:  No, Your Honor.

18         THE COURT:  Other than what is contained in the

19    written plea agreement and what has been stated here in open

10:45AM  20    court today and other than a general discussion of the

21    guidelines with your lawyer, has anyone made you promises of

22    leniency, a particular sentence or range, probation, or any

23    other inducement of any kind to get you to plead guilty?

24         THE DEFENDANT:  No, Your Honor.

10:46AM  25         THE COURT:  Has anyone attempted in any way to

threaten you, a family member, or someone close to you to get
you to plead guilty?

THE DEFENDANT:  No, Your Honor.

THE COURT:  Has anyone attempted in any way to force
you to plead guilty in this case?

THE DEFENDANT:  No, Your Honor.

THE COURT:  Are you pleading guilty voluntarily and
of your own free will?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Now, as part of the plea agreement, the
Government has agreed to make certain recommendations
concerning your sentence or the offense level to be used in
determining your sentence.

Do you understand that these terms of the plea
agreement are just recommendations to me and that I can reject
these recommendations and impose a sentence that is more severe
than you may expect without allowing you to withdraw your plea?

THE DEFENDANT:  I understand, Your Honor.

THE COURT:  Do you understand that by entering into
this plea agreement and entering a plea of guilty, you will
have given up or limited your right to appeal this conviction
and your right to appeal all or part of your sentence?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  I'm going to ask Ms. McKenna to please
describe the waivers.

MS. MCKENNA:  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty, defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

THE COURT:  Thank you.

Could you also address the waiver of appeal of sentence?

MS. MCKENNA:  Yes, Your Honor.

Defendant agrees that, provided the Court imposes a total term of imprisonment on the count of conviction below the statutory maximum sentence, defendant gives up the right to appeal all of the following:

The procedures and calculations used to determine and impose any portion of the sentence;

The terms of imprisonment imposed by the Court;

The fine imposed by the Court, provided it is within the statutory maximum;

To the extent permitted by law, the constitutionality or legality of defendant's sentence, provided

1    it is within the statutory maximum;

2            The terms of probation or supervised release imposed

3    by the Court, provided it is within the statutory maximum;

4            And any of the following conditions of probation or

5    supervised release imposed by the Court.  The conditions set

6    forth in Second Amended General Order 20-04 of this Court, the

7    drug testing conditions mandated by 18, U.S.C., 3563(a)(5) and

8    3583(d), and the alcohol and drug use conditions authorized by

9    18, U.S.C., 3563(b)(7).

10           THE COURT:  And before you continue --

11           Mr. Barzman, do you understand that by entering into

12   this plea agreement and entering a plea of guilty, you will

13   also have given up or limited your right to collaterally attack

14   this conviction or your sentence?  Do you understand that?

15           THE DEFENDANT:  Yes, Your Honor.

16           THE COURT:  Okay.  And so I'll ask Ms. McKenna to

17   address the waiver of the right to post-conviction collateral

18   attack.

19           MS. MCKENNA:  Defendant also gives up any right to

20   bring a post-conviction collateral attack on the conviction or

21   sentence, except a post-conviction collateral attack based on a

22   claim of ineffective assistance of counsel, claim of newly

23   discovered evidence, or an explicitly retroactive change in the

24   applicable Sentencing Guidelines, sentencing statutes, or

25   statutes of conviction.

1    Defendant understands that this waiver includes, but

2  is not limited to, arguments that the statute to which

3  defendant is pleading guilty is unconstitutional and any and

4  all claims that the statement of facts provided herein is

10:50AM   5  insufficient to support defendant's plea of guilty.

6    THE COURT:  Thank you.

7    Mr. Barzman, did you discuss giving up all of these

8  rights with your lawyer?

9    THE DEFENDANT:  Yes, Your Honor.

10:50AM  10    THE COURT:  Based on that discussion and having

11  considered this issue, do you agree that you are giving up

12  these rights to appeal and collaterally attack on the terms and

13  conditions just stated?

14    THE DEFENDANT:  Yes, Your Honor.

10:50AM  15    THE COURT:  Okay.  Turning to Mr. Koury.

16    The plea agreement indicates on page 20 and 22 that

17  it was signed by you and, on the pages referenced earlier,

18  signed by Mr. Barzman.  Is that correct?

19    MR. KOURY:  That's correct, Your Honor.

10:50AM  20    THE COURT:  Did Mr. Barzman sign the agreement in

21  your presence?

22    MR. KOURY:  Yes.  Yes, he did, Your Honor.  I -- I

23  had to think back.  I apologize.

24    THE COURT:  Okay.  No worries.

10:51AM  25    Did you discuss the contents of the agreement with

| | | |
|---|---|---|
| | 1 | Mr. Barzman before he signed it? |
| | 2 | MR. KOURY:  I did, Your Honor. |
| | 3 | THE COURT:  Does the agreement represent the entire |
| | 4 | agreement between Mr. Barzman and the Government? |
| 10:51AM | 5 | MR. KOURY:  It does, Your Honor. |
| | 6 | THE COURT:  Did you review the facts of the case and |
| | 7 | all the discovery provided by the Government with Mr. Barzman? |
| | 8 | MR. KOURY:  I did, Your Honor. |
| | 9 | THE COURT:  Did you pursue with him the potential |
| 10:51AM | 10 | defenses he might have? |
| | 11 | MR. KOURY:  I did, Your Honor. |
| | 12 | THE COURT:  Have you advised him concerning the |
| | 13 | legality or admissibility of any statements or confessions or |
| | 14 | other evidence the Government has against him? |
| 10:51AM | 15 | MR. KOURY:  I have, Your Honor. |
| | 16 | THE COURT:  To the best of your knowledge, is he |
| | 17 | pleading guilty because of any illegally obtained evidence in |
| | 18 | the possession of the Government? |
| | 19 | MR. KOURY:  No, Your Honor.  Not to my -- not that |
| 10:51AM | 20 | I'm aware of. |
| | 21 | THE COURT:  Did you and Mr. Barzman agree that it |
| | 22 | was in his best interest to enter into this plea agreement? |
| | 23 | MR. KOURY:  We did, Your Honor. |
| | 24 | THE COURT:  Do you believe that he is entering into |
| 10:52AM | 25 | this plea agreement freely and voluntarily with full knowledge |

| | |
|---|---|
| | 1 |
| | 2 |
| | 3 |
| | 4 |
| 10:52AM | 5 |

1   of the charges and the consequences of the plea?

2           MR. KOURY:  I do, Your Honor.

3           THE COURT:  Have there been any promises,

4   representations, or guarantees made either to you or to

5   Mr. Barzman other than what is contained in the written plea

6   agreement and what has been stated here in open court?

7           MR. KOURY:  No, Your Honor.

8           THE COURT:  Other than what is contained in the

9   written plea agreement and has been stated here in open court

10   and other than a general discussion of the guidelines and other

11   sentencing considerations, have you given any indication to

12   Mr. Barzman of what specific sentence I would impose or

13   conveyed to him a promise of a particular sentence or a

14   particular sentencing range in the event that I accept his plea

15   of guilty?

16           MR. KOURY:  No, Your Honor.

17           THE COURT:  Do you know of any reason why I should

18   not accept his plea?

19           MR. KOURY:  No, Your Honor.

20           THE COURT:  Do you join in the waiver of jury trial

21   and concur in the plea?

22           MR. KOURY:  I do, Your Honor.

23           THE COURT:  Ms. McKenna, other than what is

24   expressly contained in the written plea agreement and what has

25   been stated here in open court, has the Government made any

34

```
 1   promises, representations, or guarantees, either to the
 2   defendant or his counsel?
 3               MS. MCKENNA:  No, Your Honor.
 4               THE COURT:  Does the Government waive jury trial?
 5               MS. MCKENNA:  Yes, Your Honor.
 6               THE COURT:  Mr. Barzman, are you satisfied with the
 7   representation your lawyer has provided?
 8               THE DEFENDANT:  Yes, Your Honor.
 9               THE COURT:  Have you told your lawyer everything you
10   know about your case?
11               THE DEFENDANT:  Yes, Your Honor.
12               THE COURT:  Do you believe he has fully considered
13   any defense you may have to the charges?
14               THE DEFENDANT:  Yes, Your Honor.
15               THE COURT:  Do you believe he has fully advised you
16   concerning this matter?
17               THE DEFENDANT:  Yes, Your Honor.
18               THE COURT:  Have you had enough time to discuss the
19   matter with him?
20               THE DEFENDANT:  Yes, Your Honor.
21               THE COURT:  It's important for me to know if you're
22   giving your own honest answers to my questions or if you are
23   just giving answers that someone else told you to give.
24               Are you giving your own honest answers to my
25   questions today?
```

10:53AM (line 5)
10:53AM (line 10)
10:53AM (line 15)
10:53AM (line 20)
10:54AM (line 25)

**UNITED STATES DISTRICT COURT**

1          THE DEFENDANT:  Yes, I am, Your Honor.

2          THE COURT:  Do you believe that you understand

3   everything that happened here today and everything that was

4   said by me and by the lawyers?

10:54AM   5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  Do you believe that you understand the

7   consequences to you of this plea?

8          THE DEFENDANT:  Yes, Your Honor.

9          THE COURT:  Do you believe that you are competent to

10:54AM   10  make the decision to plead guilty?

11         THE DEFENDANT:  Yes, Your Honor.

12         THE COURT:  Do you know of any reason why I should

13  not accept your plea of guilty?

14         THE DEFENDANT:  No, Your Honor.

10:54AM   15         THE COURT:  Do you understand, then, that all that

16  is left in your case, if I accept your plea of guilty, is the

17  imposition of sentence, which may include imprisonment?

18         THE DEFENDANT:  Yes, Your Honor.

19         THE COURT:  Mr. Barzman, having in mind all that we

10:54AM   20  have discussed regarding your plea of guilty, the rights that

21  you will be giving up, the maximum sentence you may receive, do

22  you still want to plead guilty?

23         THE DEFENDANT:  Yes, Your Honor.

24         THE COURT:  Okay.  Please listen carefully.  I'm

10:54AM   25  going to ask the prosecutor to state the facts that the

|  |  |
|---|---|
| | 1 | Government would be prepared to prove at trial.  And then I'm |
| | 2 | going to ask you some questions about what she is about to say. |
| | 3 | And, Ms. McKenna, please proceed. |
| | 4 | MS. MCKENNA:  Yes, Your Honor. |
| 10:55AM | 5 | The factual basis is about seven pages long.  Would |

```
          1    Government would be prepared to prove at trial.  And then I'm
          2    going to ask you some questions about what she is about to say.
          3              And, Ms. McKenna, please proceed.
          4              MS. MCKENNA:  Yes, Your Honor.
10:55AM   5              The factual basis is about seven pages long.  Would
          6    the Court want me to read the entire factual basis or skip over
          7    certain portions?
          8              THE COURT:  Please read the entire factual basis.
          9    And maybe just to save your back, you can take the lectern.
10:55AM  10    Thank you.
         11              MS. MCKENNA:  Thank you, Your Honor.
         12              The defendant admits that defendant is, in fact,
         13    guilty of the offense to which defendant is agreeing to plead
         14    guilty.
10:55AM  15              Defendant and the USAO agree to the statement of
         16    facts provided below and agree that the statement of facts is
         17    sufficient to support a plea of guilty to the charge described
         18    in this agreement and to establish the Sentencing Guidelines
         19    factors set forth in paragraph 11 below but is not meant to be
10:55AM  20    a complete recitation of all facts relevant to the underlying
         21    criminal conduct or all facts known to either party that relate
         22    to this conduct.
         23              On or about August 18 of 2022 and October 13 of
         24    2022, in Los Angeles County, within the Central District of
10:56AM  25    California, defendant knowingly and willfully made false
```

statements to the FBI.  The statements were made in a matter

within the jurisdiction of the FBI.  Defendant made the

statements deliberately with the knowledge that the statements

were untrue and the defendant's conduct was unlawful.

Further, the statements were material to the

activities and decisions of the FBI and were capable of

influencing the agency's decisions and activities.

In approximately 2012, the defendant and an

associate J.F. formed a plan to create drawings and paintings

in the style of celebrated painter Jean-Michel Basquiat and

art -- and market the artwork for sale as if they were

authentic works by the artist.

Defendant and J.F. worked together to create a

series of paintings and drawings designed to look like works by

Basquiat, which will be referred to here as "the Fraudulent

Paintings."

J.F. spent a maximum of 30 minutes on each image as

little -- and as little as five minutes on others and then gave

them to defendant to sell on eBay.

Defendant and J.F. agreed to split the money that

they made from selling the Fraudulent Paintings.

J.F. and defendant created approximately 20 to

30 artworks by using various art materials to create colorful

images on cardboard.

After finishing the images, defendant and J.F.

placed them outdoors to expose them to the elements and thus create an aged appearance consistent with works made in the 1980s when Basquiat was painting.  Defendant then sold the works and gave half of the profits to J.F.

The plea agreement indicates that the Fraudulent Paintings created by J.F. and/or the defendant, including -- and then there is a picture of nine works, which is included on page 7.

Provenance is the history of the ownership of a piece of artwork beginning with the hand of the artist and continuing to the present owner of the artwork.  Establishing provenance is essential in determining if a piece of artwork is authentic.

Provenance documentation can include invoices, gallery records, gallery labels, or documentation from an artist foundation, estate, or authentication boards, as examples.  Provenance records can also include auction records and records of exhibitions of artwork at museums and other art exhibitions.

Exhibiting artwork at museums adds to the authenticity of artworks.  Artwork purported to be by an established artist with no provenance has less value than artwork by the same established artist which has an established provenance.

In 2012, during the time the defendant was creating

the Fraudulent Paintings, he also worked as an auctioneer and
ran a business called Mike Barzman Auctions that focused on
purchasing and reselling the contents of unpaid storage units.

Defendant purchased the contents of a unit
previously rented by a well-known screenwriter,
Thaddeus Mumford, Jr.

Defendant used the acquisition of Mumford's stored
items to create a false provenance for the Fraudulent
Paintings.  Defendant claimed that the Fraudulent Paintings
were found inside Mumford's storage unit, along with Mumford's
other possessions.

To bolster this false provenance, defendant gave
buyers of the Fraudulent Paintings a ticket stub from a storage
unit with locker No. 2125 and told them that it had come from
Mumford's locker.

Defendant also provided a group of buyers with
notarized documents affirming that the Fraudulent Paintings
came from Mumford's storage unit.

On February 12th of 2022 --

THE COURT:  I apologize for interrupting.  If I
could ask you to just slow down a little bit for me and the
reporter.  Thank you.

MS. MCKENNA:  Will do, Your Honor.

On February 12th of 2022, the Orlando Museum of Art
opened an exhibit entitled "Heroes & Monsters:

Jean-Michel Basquiat, the Thaddeus Mumford, Jr., Venice
Collection," featuring 25 paintings purportedly by Basquiat.

Most of the featured works had, in fact, been
created by defendant and J.F.  Defendant was aware of the
exhibition and knew that he had created or co-created the
majority of the featured works.

The exhibition catalog included an essay stating
that some of the featured pieces had previously been kept in
Mumford's storage locker.  The essay also referenced a sworn
statement from a, quote, "small-time Los Angeles auctioneer,"
defendant, stating the defendant had purchased the contents of
Mumford's locker, including paintings on cardboard.

Turning to the June 14, 2022, interview and false
statements.

On June 14 of 2022, FBI special agents interviewed
defendant at his home in Los Angeles within the Central
District of California.  In the beginning of the interview, the
agents cautioned defendant to be honest because lying to an FBI
agent can constitute a crime.

Defendant told the agents that he had previously
been in the business of buying the contents of storage lockers.
He claimed that approximately ten years prior to the interview,
while working in the storage locker purchasing business, he
came across art that he thought, quote, "might have been" by
Basquiat, which he sold to, quote, "a couple of groups of

people."

Defendant told the agents that he sold the works as, quote, "in the manner of" Basquiat, after seeking opinions on their authenticity and hearing from people that the works didn't look right or would be very hard to authenticate.

Defendant stated that he had doubts as to the authenticity of the works but never told the agents that he knew they were inauthentic.

Defendant told the agents that he had purchased the contents of a storage unit belonging to Mumford, that he did not know whether the artworks came from that unit and "never even thought that."

Defendant told the agents that members of a group of buyers that included T.B., W.F., and L.M. contacted him for years and repeatedly asked him to sign paperwork saying that the works came from the Mumford storage unit. Defendant told the agents that the buyers offered him $5,000 to sign documents authenticating the works.

Agents showed defendant a notarized declaration, signed by defendant, stating that the paintings came from Mumford's storage unit. Defendant claimed that he did not remember signing the document but said he might have.

At the time of the interview, defendant knew that Basquiat did not create the Fraudulent Paintings. Further, he knew that it was a lie to tell the FBI agents that the works,

1    quote, "might have been" by Basquiat because he and J.F. had

2    actually created them.  Defendant knew that his statements to

3    the contrary were untruthful.

4           Turning to the August 18, 2022, interview and false

11:03AM  5    statements.

6           On August 18 of 2022, FBI special agents interviewed

7    defendant at the United States Attorney's Office in Los Angeles

8    within the Central District of California.

9           At the beginning of the interview, defendant was

11:03AM 10    advised that if he made a knowing and willful false statement,

11    it could subject him to criminal prosecution.

12           Defendant described selling paintings purportedly by

13    Basquiat.  When asked where the fake Basquiat paintings came

14    from, defendant responded, "I don't know.  They could have come

11:04AM 15    from a storage locker.  I think at that time I was, like,

16    almost 90 percent sure they did."

17           When asked where he had acquired the paintings,

18    defendant responded, quote, "either a storage locker, an estate

19    sale, a clear-out, I don't know.  I had a lot of stuff coming

11:04AM 20    in, so I don't know."

21           Defendant was asked:  "Did somebody paint them for

22    you?"

23           Defendant responded, "No."

24           Defendant was asked whether he painted the works

11:04AM 25    himself.  He responded, "No."

                At the time of the interview, defendant knew that he
and J.F. had created the paintings and that his statements to
the contrary were untruthful.  His statements that he did not
make the paintings or have someone make them for him were
material to the activities and decisions of the FBI and were
capable of influencing the agency's decisions and activities.

                Turning to the October 13, 2022, interview and false
statements.

                On October 13 of 2022, FBI special agents
interviewed defendant at the United States Attorney's Office in
Los Angeles, within the Central District of California.

                In the beginning of the interview, defendant was
again advised that lying to the interviewing agents would
constitute a crime.  Defendant admitted that he knew, quote,
"it was a lie" that the artwork came from Mumford's storage
locker.  Nevertheless, defendant still denied making the
Fraudulent Paintings.

                Defendant -- excuse me.

                Agents showed defendant a label on the back of one
of the Fraudulent Paintings.  The painting was one of the items
the defendant had sold and that was later displayed in the
Orlando Museum of Art.

                Agents pointed out that a shipping label bearing
defendant's name and former address was attached to the
cardboard on which the painting had been created.  There was

dry paint on top of the shipping label.  Defendant claimed that he had never seen the work and said that he had no idea how a shipping label bearing his information got on the back of it.

Defendant denied making the art and claimed that he could not think of anyone else who could have been involved in its creation.

At the time of the interview, defendant knew that he had created the Fraudulent Paintings, that he and J.F. had fabricated a series of Fraudulent Paintings together, and that a label bearing his name was on the artwork because the cardboard had been in his possession prior to the painting's creation.  His statements that he did not make the paintings or have someone make them for him were material to the activities and decisions of the FBI and were capable of influencing the agency's decisions and activities.

Turning to the October 21, 2022, interview and defendant's admissions.

On October 21 of 2022, FBI special agents interviewed defendant at the United States Attorney's Office in Los Angeles within the Central District of California.

Defendant admitted that he, quote, "lied about the entire thing" and that he, quote, "created the pieces" with his friend J.F.  Defendant admitted to signing a notarized document for a group of buyers, including L.M. and T.B., stating that the Fraudulent Paintings came from Mumford's storage unit

1    bearing unit No. 2125.

2           He told the agents that he signed the document and

3    had it notarized after T.B. offered him 10,000 or $15,000 to

4    sign the paperwork.  Defendant said that he was never paid.

11:07AM  5           Defendant told agents that in approximately 2017 or

6    2018, he informed L.M. that he could not prove the Mumford

7    provenance story, and L.M. reacted with anger.

8           THE COURT:  Thank you.

9           Mr. Barzman, do you understand what the prosecutor

11:08AM 10   just said?

11          THE DEFENDANT:  Yes, Your Honor.

12          THE COURT:  Is everything she said, including what

13   she said about you and your conduct and intent true and

14   correct?

11:08AM 15          THE DEFENDANT:  Yes, Your Honor.

16          THE COURT:  Are you pleading guilty because you did

17   the things that the prosecutor described?

18          THE DEFENDANT:  Yes, Your Honor.

19          THE COURT:  Are you pleading guilty because you are

11:08AM 20   guilty?

21          THE DEFENDANT:  Yes, Your Honor.

22          THE COURT:  Ms. McKenna, is the Government satisfied

23   with the factual basis?

24          MS. MCKENNA:  Yes, Your Honor.

11:08AM 25          THE COURT:  Does the Government agree that the Court

| | |
|---|---|
| 1 | has complied with the requirements of Rule 11? |
| 2 | MS. MCKENNA:  Yes, Your Honor. |
| 3 | THE COURT:  Mr. Koury, do you agree that the -- that |
| 4 | the Court has complied with the requirements of Rule 11? |
| 11:08AM  5 | MR. KOURY:  I do, Your Honor. |
| 6 | THE COURT:  Mr. Barzman, in Case |
| 7 | No. 2:23-CR-169-MEMF, how do you plead to Count 1? |
| 8 | THE DEFENDANT:  Guilty. |
| 9 | THE COURT:  Mr. Barzman, I'm going to make certain |
| 11:09AM 10 | findings.  If you don't understand what I say or if you |
| 11 | disagree with what I say or if you want to talk to your lawyer, |
| 12 | please interrupt me or ask your lawyer to interrupt me right |
| 13 | away. |
| 14 | In the case of United States versus Barzman, I have |
| 11:09AM 15 | questioned the defendant and his counsel on the offer of his |
| 16 | plea of guilty to Count 1 of the Information, a felony; the |
| 17 | defendant and his counsel have advised me that they have |
| 18 | conferred concerning the offered plea of guilty and all aspects |
| 19 | of the charge against the defendant and any defenses he may |
| 11:09AM 20 | have; I've observed the defendant's intelligence, demeanor, and |
| 21 | attitude while answering questions and I've observed that the |
| 22 | defendant does not appear to be under the influence of any |
| 23 | medicine, drug, or other substance or factor that might affect |
| 24 | his actions or judgment in any manner.  Based upon this, I find |
| 11:10AM 25 | that the defendant is fully competent and capable of entering |

1    an informed plea and is aware of the nature of the charges and

2    the consequences of the plea.

3         I further find that the plea of guilty is knowingly,

4    voluntarily, and intelligently made with a full understanding

11:10AM  5    of the nature of the charges, the consequences of the plea, and

6    the defendant's constitutional rights.

7         I further find that the plea is supported by an

8    independent factual basis containing each of the essential

9    elements of the offense.

11:10AM  10        I accept the plea, and I order that the plea be

11   entered.

12        Let's go off the record for a moment to discuss the

13   sentencing date.

14        (Off-the-record discussion.)

11:11AM  15        THE COURT:  Okay.  We're back on the record.

16        The date of August 18th does work.

17        A written presentence report will be prepared by the

18   Probation and Pretrial Services Office.

19        So, Mr. Barzman, you're going to be asked to provide

11:12AM  20   some information for that report, as your attorney alluded to.

21   Your lawyer may be present if you wish.  Both of you will be

22   able to read the report and file objections before the

23   sentencing hearing.  And both of you will be able to speak on

24   your behalf at the hearing.

11:12AM  25        Now, I want to emphasize to you, you're going to

have a conversation with your lawyer about the best way to
present your position on sentencing.  You may submit certain
things in advance of the sentencing hearing.  You may speak at
the sentencing hearing.  You may have other people who know you
present things in advance or at the sentencing hearing.

          And I just want you to know that I'm going to
consider carefully anything that you submit to me in advance
and anything that happens on the date of sentencing, just like
I will consider anything presented by the Government.
Understood?

          THE DEFENDANT:  Yes, Your Honor.

          THE COURT:  Okay.  Now, for counsel's information, I
have asked the Probation and Pretrial Services Office to
include on my cases the judiciary sentencing information data,
the JSIN data, so you'll see that in the presentence report.

          The defendant is referred to the Probation and
Pretrial Services Office for a presentence report.

          The date for sentencing will be August 18th, 2023,
at 10:00 a.m.

          Mr. Barzman, you're ordered to appear on that date
and time without any further notice or order of the Court.

          No later than 14 days before the hearing, each party
shall submit either a sentencing memorandum or a written notice
of intent not to file one.  Any objections to the presentence
report, including the JSIN data, and any proposed conditions of

                    1    supervised release are due at that time.

                    2           And then the parties are also ordered to advise the

                    3    courtroom deputy clerk if they intend to present any witnesses

                    4    at the sentencing hearing, either in person or via Zoom.  It

11:14AM             5    would be extremely helpful to us if you could let the clerk

                    6    know by the Friday before so we can plan appropriately.

                    7           Okay.  And I trust that the Government is not

                    8    seeking remand in this case?

                    9           MS. MCKENNA:  No, Your Honor.

11:14AM            10           THE COURT:  Okay.  So based upon the Government's

                   11    position, the nature of the charges, the fact that the

                   12    defendant has made all of his appearances, as far as I know,

                   13    and given the likely sentencing range, I do find it appropriate

                   14    to remain -- allow Mr. Barzman to remain on the conditions of

11:14AM            15    release that he's already under.

                   16           So, Mr. Barzman, I've already advised you of the

                   17    date and time of your sentencing hearing.  Failure to appear

                   18    for your sentencing hearing is a separate crime for which you

                   19    can be sentenced to prison.

11:15AM            20           All of the conditions of release that currently

                   21    apply that are currently in place continue to apply.  I don't

                   22    believe I've heard any -- been provided with any notifications

                   23    that you're not complying with the conditions of release.

                   24           Please know that the penalty for violating

11:15AM            25    conditions of release can also be severe.  So it's important

1    for you to be able to remain out on your own recognizance -- or

2    not quite on your own recognizance but remain out of custody

3    pending the sentencing hearing, you'll need to continue to

4    comply with the conditions of release.

11:15AM    5    All other dates other than the sentencing date are

6    vacated as to this defendant, and all material witnesses as to

7    this defendant are released.

8    Anything further from the Government?

9    MS. MCKENNA:  No, Your Honor.

11:15AM    10    THE COURT:  Thank you.

11    Mr. Koury, anything further from you?

12    MR. KOURY:  Your Honor, I just wanted to express my

13    gratitude to the Court for accommodating us in light of

14    Mr. Barzman's medical condition, allowing us to sit at the

11:16AM    15    table.  While it may seem like a small gesture, it's a gesture

16    that I greatly appreciate.  So thank you.

17    THE COURT:  Thank you.  It was my pleasure.

18    Okay.  And, again, I do want to thank Ms. Ortiz for

19    your presence today.

11:16AM    20    Good luck to you, Mr. Barzman.  We will see you in

21    August.  Thank you.

22    And the Court stands adjourned.

23    (Proceedings concluded at 11:16 a.m.)

24

25

1                    **CERTIFICATE OF OFFICIAL REPORTER**

2

3    COUNTY OF LOS ANGELES    )
                              )
4    STATE OF CALIFORNIA      )

5

6            I, MYRA L. PONCE, FEDERAL OFFICIAL REALTIME COURT

7    REPORTER, IN AND FOR THE UNITED STATES DISTRICT COURT FOR THE

8    CENTRAL DISTRICT OF CALIFORNIA, DO HEREBY CERTIFY THAT PURSUANT

9    TO SECTION 753, TITLE 28, UNITED STATES CODE THAT THE FOREGOING

10   IS A TRUE AND CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY

11   REPORTED PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER AND THAT

12   THE TRANSCRIPT PAGE FORMAT IS IN CONFORMANCE WITH THE

13   REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.

14

15

16

17                    DATED THIS 31ST DAY OF JULY, 2023.

18

19

20                    /S/ MYRA L. PONCE
                    _____
21                    MYRA L. PONCE, CSR NO. 11544, CRR, RDR
                        FEDERAL OFFICIAL COURT REPORTER
22

23

24

25

## $

**$100** [1] - 20:15
**$15,000** [1] - 45:3
**$250,000** [1] - 20:13
**$5,000** [1] - 41:17

## /

**/S** [1] - 51:20

## 1

**1** [4] - 3:4, 15:23, 46:7, 46:16
**10,000** [1] - 45:3
**1001(A)(2** [4] - 12:1, 18:24, 19:7, 20:11
**107-50** [2] - 2:11
**10:00** [1] - 48:19
**10:15** [2] - 1:12, 3:1
**11** [4] - 15:23, 36:19, 46:1, 46:4
**11544** [2] - 1:23, 51:21
**11:16** [1] - 50:23
**11TH** [2] - 7:11, 15:24
**12** [3] - 12:18, 16:16, 16:20
**12TH** [2] - 39:19, 39:24
**13** [3] - 36:23, 43:7, 43:9
**14** [4] - 14:7, 40:13, 40:15, 48:22
**15** [1] - 6:21
**16** [1] - 12:17
**18** [10] - 11:25, 18:23, 19:7, 20:11, 24:23, 30:7, 30:9, 36:23, 42:4, 42:6
**18TH** [2] - 47:16, 48:18
**1980S** [1] - 38:3
**1984** [1] - 24:15
**1ST** [1] - 1:24

## 2

**20** [3] - 6:21, 31:16, 37:22
**20-04** [1] - 30:6
**2012** [2] - 37:8, 38:25
**2017** [1] - 45:5
**2018** [1] - 45:6
**2022** [12] - 36:23, 36:24, 39:19, 39:24, 40:13, 40:15, 42:4, 42:6, 43:7, 43:9, 44:16, 44:18
**2023** [5] - 1:12, 3:1,

14:7, 48:18, 51:17
**21** [3] - 26:22, 44:16, 44:18
**2125** [2] - 39:14, 45:1
**213** [1] - 1:25
**22** [2] - 26:23, 31:16
**23** [1] - 12:18
**23-00169** [1] - 3:5
**23-169** [1] - 1:7
**24TH** [1] - 14:7
**25** [1] - 40:2
**26** [2] - 1:12, 3:1
**28** [1] - 51:9
**2:23-CR-169-MEMF** [1] - 46:7

## 3

**3** [1] - 7:11
**30** [2] - 37:17, 37:23
**312** [1] - 2:6
**31ST** [1] - 51:17
**3435** [1] - 2:11
**350** [1] - 1:24
**3553(A)** [1] - 24:24
**3563(A)(5** [1] - 30:7
**3563(B)(7)** [1] - 30:9
**3583(D** [1] - 30:8

## 4

**4455** [1] - 1:24
**45** [1] - 9:24

## 7

**7** [1] - 38:8
**753** [1] - 51:9

## 8

**8** [1] - 22:3
**894-2305** [1] - 1:25

## 9

**90** [1] - 42:16
**90012** [2] - 1:24, 2:7
**90405** [2] - 2:12

## A

**A.M** [2] - 1:12, 3:1
**A.M** [2] - 48:19, 50:23
**AA** [2] - 10:9
**ABLE** [5] - 4:25, 25:13, 47:22, 47:23, 50:1
**ABOLISHED** [1] - 23:22

**ABOVE** [1] - 51:11
**ABOVE-ENTITLED** [1] - 51:11
**ABSOLUTELY** [1] - 5:4
**ACCEPT** [10] - 5:16, 8:4, 15:7, 18:8, 24:2, 33:14, 33:18, 35:13, 35:16, 47:10
**ACCEPTED** [1] - 22:5
**ACCOMMODATING** [1] - 50:13
**ACCOUNT** [1] - 24:18
**ACKNOWLEDGE** [1] - 4:10
**ACQUIRED** [1] - 42:17
**ACQUISITION** [1] - 39:7
**ACT** [1] - 24:15
**ACTED** [2] - 19:11, 19:12
**ACTIONS** [1] - 46:24
**ACTIVITIES** [8] - 19:14, 19:17, 37:6, 37:7, 43:5, 43:6, 44:13, 44:15
**ADDED** [1] - 7:3
**ADDICTION** [1] - 10:8
**ADDRESS** [3] - 29:12, 30:17, 43:24
**ADDRESSED** [2] - 22:16, 22:21
**ADDS** [1] - 38:20
**ADJOURNED** [1] - 50:22
**ADMINISTER** [1] - 8:21
**ADMISSIBILITY** [1] - 32:13
**ADMISSION** [1] - 21:23
**ADMISSIONS** [1] - 44:17
**ADMITS** [1] - 36:12
**ADMITTED** [3] - 43:14, 44:21, 44:23
**ADVANCE** [3] - 48:3, 48:5, 48:7
**ADVISE** [1] - 49:2
**ADVISED** [8] - 17:23, 20:3, 32:12, 34:15, 42:10, 43:13, 46:17, 49:16
**ADVISEMENT** [1] - 22:2
**AFFECT** [1] - 46:23
**AFFIRMING** [1] - 39:17
**AFFORD** [1] - 17:4
**AGED** [1] - 38:2

**AGENCY** [1] - 19:6
**AGENCY'S** [4] - 19:16, 37:7, 43:6, 44:15
**AGENT** [1] - 40:19
**AGENTS** [18] - 40:15, 40:18, 40:20, 41:2, 41:7, 41:9, 41:13, 41:17, 41:19, 41:25, 42:6, 43:9, 43:13, 43:19, 43:23, 44:18, 45:2, 45:5
**AGREE** [7] - 23:7, 31:11, 32:21, 36:15, 36:16, 45:25, 46:3
**AGREED** [2] - 28:11, 37:20
**AGREEING** [2] - 8:16, 36:13
**AGREEMENT** [30] - 7:10, 7:17, 17:3, 22:2, 22:17, 22:22, 26:15, 26:19, 27:3, 27:6, 27:10, 27:11, 27:16, 27:19, 28:10, 28:15, 28:20, 30:12, 31:16, 31:20, 31:25, 32:3, 32:4, 32:22, 32:25, 33:6, 33:9, 33:24, 36:18, 38:5
**AGREES** [1] - 29:15
**ALCOHOL** [2] - 10:15, 30:8
**ALCOHOLIC** [1] - 10:12
**ALIX** [1] - 2:5
**ALIX** [1] - 3:9
**ALLOW** [1] - 49:14
**ALLOWED** [2] - 21:6, 25:5
**ALLOWING** [2] - 28:17, 50:14
**ALLOWS** [1] - 6:6
**ALLUDED** [1] - 47:20
**ALMOST** [1] - 42:16
**ALONE** [1] - 21:13
**AMENDED** [1] - 30:6
**AMERICA** [1] - 3:5
**AMERICA** [1] - 1:5
**AMNESTY** [1] - 21:22
**AND** [3] - 51:7, 51:10, 51:11
**ANGELES** [7] - 2:7, 36:24, 40:10, 40:16, 42:7, 43:11, 44:20
**ANGELES** [4] - 1:13, 1:24, 3:2, 51:3
**ANGER** [1] - 45:7
**ANSWER** [1] - 9:9
**ANSWERING** [1] - 46:21

**ANSWERS** [6] - 4:23, 8:24, 9:4, 34:22, 34:23, 34:24
**APOLOGIZE** [4] - 3:14, 3:17, 31:23, 39:20
**APPEAL** [8] - 17:22, 28:21, 28:22, 29:2, 29:4, 29:12, 29:18, 31:12
**APPEAR** [3] - 46:22, 48:20, 49:17
**APPEARANCE** [1] - 38:2
**APPEARANCES** [2] - 3:7, 49:12
**APPEARANCES** [1] - 2:1
**APPLICABLE** [2] - 24:21, 30:24
**APPLIED** [1] - 25:1
**APPLY** [2] - 49:21
**APPOINT** [1] - 17:4
**APPRECIATE** [2] - 4:13, 50:16
**APPRECIATES** [1] - 4:15
**APPRENDI** [1] - 20:17
**APPROPRIATE** [1] - 49:13
**APPROPRIATELY** [1] - 49:6
**APRIL** [3] - 7:11, 14:7, 15:24
**ARGUMENTS** [2] - 29:7, 31:2
**ARISA** [1] - 4:7
**ARRAIGNMENT** [1] - 4:21
**ART** [2] - 39:24, 43:22
**ART** [5] - 37:11, 37:23, 38:18, 40:24, 44:4
**ARTIST** [5] - 37:12, 38:10, 38:16, 38:22, 38:23
**ARTWORK** [10] - 37:11, 38:10, 38:11, 38:12, 38:18, 38:20, 38:21, 38:23, 43:15, 44:10
**ARTWORKS** [3] - 37:23, 38:21, 41:11
**ASPECTS** [1] - 46:18
**ASSESSMENT** [1] - 20:15
**ASSESSMENTS** [1] - 20:9
**ASSIST** [1] - 17:5
**ASSISTANCE** [2] - 17:2, 30:22

**ASSISTANT**[1] - 2:5
**ASSOCIATE**[1] - 37:9
**ATTACHED**[1] - 43:24
**ATTACK**[5] - 30:13, 30:18, 30:20, 30:21, 31:12
**ATTEMPTED**[4] - 13:10, 13:14, 27:25, 28:4
**ATTITUDE**[1] - 46:21
**ATTORNEY**[9] - 5:7, 5:8, 5:10, 5:11, 5:13, 5:18, 10:17, 16:15, 47:20
**ATTORNEY**[4] - 2:4, 2:5, 2:11, 12:7
**ATTORNEY'S**[4] - 12:23, 42:7, 43:10, 44:19
**ATTORNEYS**[1] - 4:10
**AUCTION**[1] - 38:17
**AUCTIONEER**[2] - 39:1, 40:10
**AUCTIONS**[1] - 39:2
**AUGUST**[6] - 36:23, 42:4, 42:6, 47:16, 48:18, 50:21
**AUSA**[1] - 23:19
**AUTHENTIC**[2] - 37:12, 38:13
**AUTHENTICATE**[1] - 41:5
**AUTHENTICATING**[1] - 41:18
**AUTHENTICATION**[1] - 38:16
**AUTHENTICITY**[3] - 38:21, 41:4, 41:7
**AUTHORIZED**[1] - 30:8
**AWARE**[4] - 15:3, 32:20, 40:4, 47:1

## B

**BARZMAN**[1] - 1:8
**BARZMAN**[51] - 3:6, 3:12, 4:3, 4:15, 4:19, 6:4, 6:15, 6:16, 7:9, 8:4, 9:3, 9:16, 9:18, 11:24, 14:12, 14:21, 14:22, 15:3, 15:18, 18:22, 19:19, 20:20, 22:4, 22:19, 23:1, 23:7, 23:14, 24:14, 26:19, 30:11, 31:7, 31:18, 31:20, 32:1, 32:4, 32:7, 32:21, 33:5, 33:12, 34:6,

35:19, 39:2, 45:9, 46:6, 46:9, 46:14, 47:19, 48:20, 49:14, 49:16, 50:20
**BARZMAN'S**[1] - 50:14
**BASED**[6] - 11:20, 29:2, 30:21, 31:10, 46:24, 49:10
**BASIS**[10] - 21:14, 22:14, 26:6, 26:10, 26:13, 36:5, 36:6, 36:8, 45:23, 47:8
**BASQUIAT**[11] - 37:10, 37:15, 38:3, 40:1, 40:2, 40:25, 41:3, 41:24, 42:1, 42:13
**BEARING**[4] - 43:23, 44:3, 44:10, 45:1
**BEGIN**[1] - 5:2
**BEGINNING**[4] - 38:10, 40:17, 42:9, 43:12
**BEHALF**[3] - 17:11, 17:13, 47:24
**BELONGING**[1] - 41:10
**BELOW**[4] - 26:2, 29:16, 36:16, 36:19
**BEST**[4] - 10:18, 32:16, 32:22, 48:1
**BETWEEN**[2] - 6:1, 32:4
**BEVERAGE**[1] - 10:12
**BEYOND**[2] - 16:14, 16:22
**BIT**[1] - 39:21
**BOARDS**[1] - 38:16
**BOLSTER**[1] - 39:12
**BOULEVARD**[1] - 2:11
**BOUND**[1] - 27:10
**BREAK**[5] - 5:10, 5:17, 6:15, 8:13, 8:19
**BREATHE**[1] - 5:11
**BRIEFLY**[1] - 3:22
**BRING**[1] - 30:20
**BROUGHT**[1] - 12:8
**BUSINESS**[3] - 39:2, 40:21, 40:23
**BUTTON**[1] - 6:6
**BUYERS**[5] - 39:13, 39:16, 41:14, 41:17, 44:24
**BUYING**[1] - 40:21
**BY**[2] - 2:5, 2:10

## C

**CALCULATE**[1] - 24:21
**CALCULATED**[1] - 26:1
**CALCULATION**[2] - 25:19, 26:10
**CALCULATIONS**[1] - 29:19
**CALIFORNIA**[6] - 1:2, 1:13, 1:24, 3:2, 51:4, 51:8
**CALIFORNIA**[7] - 2:7, 2:12, 36:25, 40:17, 42:8, 43:11, 44:20
**CANCER**[2] - 6:17, 10:18
**CANNOT**[1] - 17:4
**CAPABLE**[5] - 19:16, 37:6, 43:6, 44:14, 46:25
**CARDBOARD**[4] - 37:24, 40:12, 43:25, 44:11
**CAREFULLY**[2] - 35:24, 48:7
**CASE**[3] - 1:7, 3:5, 46:6
**CASE**[21] - 12:7, 12:15, 12:22, 15:2, 15:10, 20:17, 21:16, 22:12, 23:8, 23:11, 24:5, 25:1, 25:5, 25:14, 27:15, 28:5, 32:6, 34:10, 35:16, 46:14, 49:8
**CASES**[2] - 4:11, 48:14
**CATALOG**[1] - 40:7
**CAUTIONED**[1] - 40:18
**CELEBRATED**[1] - 37:10
**CENTRAL**[5] - 36:24, 40:16, 42:8, 43:11, 44:20
**CENTRAL**[2] - 1:2, 51:8
**CERTAIN**[7] - 5:5, 5:9, 8:8, 28:11, 36:7, 46:9, 48:2
**CERTIFICATE**[1] - 51:1
**CERTIFY**[1] - 51:8
**CHALLENGE**[1] - 25:18
**CHANGE**[1] - 1:11
**CHANGE**[2] - 8:25, 30:23

**CHARGE**[11] - 12:2, 16:14, 16:22, 17:5, 18:25, 19:20, 19:22, 19:23, 20:1, 36:17, 46:19
**CHARGED**[9] - 11:24, 12:5, 12:6, 12:10, 12:20, 13:21, 16:9, 18:22, 19:5
**CHARGES**[9] - 10:25, 12:8, 15:20, 19:2, 33:1, 34:13, 47:1, 47:5, 49:11
**CHECKING**[1] - 6:20
**CIRCUMSTANCES**[2] - 21:21, 23:14
**CITIZEN**[1] - 21:19
**CITIZENSHIP**[1] - 21:22
**CIVIL**[1] - 22:6
**CLAIM**[2] - 29:2, 30:22
**CLAIMED**[5] - 39:9, 40:22, 41:21, 44:1, 44:4
**CLAIMS**[2] - 29:9, 31:4
**CLEAR**[2] - 8:11, 42:19
**CLEAR-OUT**[1] - 42:19
**CLERK**[5] - 8:20, 14:15, 14:19, 49:3, 49:5
**CLIENT**[3] - 4:7, 11:11, 13:21
**CLOSE**[3] - 7:6, 13:11, 28:1
**CO**[1] - 40:5
**CO-CREATED**[1] - 40:5
**CODE**[1] - 51:9
**CODE**[3] - 11:25, 18:24, 24:24
**COLLATERAL**[3] - 30:17, 30:20, 30:21
**COLLATERALLY**[2] - 30:13, 31:12
**COLLECTION**[1] - 40:2
**COLLEGE**[2] - 10:2, 10:3
**COLORFUL**[1] - 37:23
**COMFORTABLE**[1] - 6:23
**COMING**[1] - 42:19
**COMMEND**[1] - 4:16
**COMMISSION**[1] - 24:16

**COMMITTED**[3] - 12:12, 12:13, 12:19
**COMMUNITY**[1] - 16:17
**COMPELLED**[1] - 17:11
**COMPETENT**[5] - 11:18, 11:22, 15:3, 35:9, 46:25
**COMPLETE**[1] - 36:20
**COMPLETED**[2] - 15:9, 15:14
**COMPLEX**[1] - 22:14
**COMPLIED**[2] - 46:1, 46:4
**COMPLY**[1] - 50:4
**COMPLYING**[1] - 49:23
**COMPOSED**[1] - 12:17
**CONCEPT**[1] - 22:23
**CONCERNING**[4] - 28:12, 32:12, 34:16, 46:18
**CONCLUDED**[1] - 50:23
**CONCUR**[3] - 14:4, 18:19, 33:21
**CONDITION**[2] - 10:23, 50:14
**CONDITIONS**[12] - 21:4, 30:4, 30:5, 30:7, 30:8, 31:13, 48:25, 49:14, 49:20, 49:23, 49:25, 50:4
**CONDUCT**[5] - 19:13, 36:21, 36:22, 37:4, 45:13
**CONFERENCE**[1] - 51:13
**CONFERRED**[1] - 46:18
**CONFESSIONS**[1] - 32:13
**CONFIRM**[1] - 14:12
**CONFORMANCE**[1] - 51:12
**CONFRONT**[1] - 17:7
**CONFUSED**[1] - 5:5
**CONSENT**[1] - 12:6
**CONSEQUENCES**[9] - 5:14, 5:16, 10:25, 23:3, 23:17, 33:1, 35:7, 47:2, 47:5
**CONSIDER**[4] - 24:22, 25:19, 48:7, 48:9
**CONSIDERATIONS**[1] - 33:11

**CONSIDERED** [2] - 31:11, 34:12
**CONSISTENT** [1] - 38:2
**CONSTITUTE** [2] - 40:19, 43:14
**CONSTITUTIONAL** [3] - 12:4, 16:6, 47:6
**CONSTITUTIONALITY** [1] - 29:25
**CONSULT** [1] - 24:17
**CONTACTED** [1] - 41:14
**CONTAINED** [5] - 27:16, 27:18, 33:5, 33:8, 33:24
**CONTAINING** [1] - 47:8
**CONTAINS** [1] - 22:2
**CONTENTS** [6] - 31:25, 39:3, 39:4, 40:11, 40:21, 41:10
**CONTINUE** [4] - 24:12, 30:10, 49:21, 50:3
**CONTINUING** [1] - 38:11
**CONTRARY** [2] - 42:3, 43:3
**CONVERSATION** [1] - 48:1
**CONVEYED** [1] - 33:13
**CONVICTED** [2] - 16:20, 17:21
**CONVICTION** [12] - 17:22, 21:19, 23:15, 28:21, 29:4, 29:16, 30:14, 30:17, 30:20, 30:21, 30:25
**COPY** [5] - 14:8, 14:14, 14:19, 15:18
**CORRECT** [6] - 7:12, 9:17, 11:9, 31:18, 31:19, 45:14
**CORRECT** [1] - 51:10
**COUNSEL** [5] - 5:22, 6:5, 7:9, 7:14, 11:7
**COUNSEL** [1] - 2:1
**COUNSEL** [26] - 3:7, 3:12, 3:16, 3:22, 4:2, 4:4, 4:24, 6:2, 6:3, 7:6, 9:14, 11:21, 13:20, 14:8, 14:20, 15:16, 17:2, 17:4, 17:5, 18:15, 22:25, 30:22, 34:2, 46:15, 46:17
**COUNSEL'S** [1] - 48:12

**COUNT** [1] - 29:16
**COUNT** [2] - 46:7, 46:16
**COUNTY** [1] - 51:3
**COUNTY** [1] - 36:24
**COUPLE** [1] - 40:25
**COURT** [16] - 3:14, 6:25, 8:24, 20:11, 29:15, 29:21, 29:22, 30:3, 30:5, 30:6, 36:6, 45:25, 46:4, 48:21, 50:13, 50:22
**COURT** [6] - 4:12, 14:13, 27:20, 33:6, 33:9, 33:25
**COURT** [171] - 1:1, 1:23, 3:10, 3:13, 3:18, 3:22, 4:1, 4:8, 5:21, 5:24, 6:3, 6:9, 6:12, 6:19, 7:2, 7:5, 7:13, 7:17, 7:23, 8:3, 9:3, 9:8, 9:11, 9:14, 9:16, 9:19, 9:22, 9:25, 10:2, 10:4, 10:6, 10:10, 10:14, 10:17, 10:22, 11:2, 11:5, 11:7, 11:10, 11:14, 11:17, 11:20, 12:4, 13:3, 13:6, 13:10, 13:14, 13:17, 13:20, 13:23, 14:1, 14:4, 14:6, 14:11, 14:18, 14:24, 15:2, 15:17, 15:22, 16:3, 16:5, 17:25, 18:2, 18:5, 18:8, 18:13, 18:15, 18:19, 18:22, 19:18, 19:22, 19:25, 20:3, 20:6, 20:16, 20:20, 21:1, 21:8, 21:12, 21:18, 22:1, 22:11, 22:16, 22:19, 22:25, 23:4, 23:6, 23:10, 23:13, 23:21, 23:25, 24:4, 24:8, 24:11, 24:14, 25:3, 25:8, 25:12, 25:16, 25:21, 25:25, 26:5, 26:8, 26:12, 26:15, 26:18, 26:22, 27:2, 27:5, 27:9, 27:13, 27:18, 27:25, 28:4, 28:7, 28:10, 28:19, 28:24, 29:11, 30:10, 30:16, 31:6, 31:10, 31:15, 31:20, 31:24, 32:3, 32:6, 32:9, 32:12, 32:16, 32:21, 32:24, 33:3, 33:8, 33:17, 33:20, 33:23,

34:4, 34:6, 34:9, 34:12, 34:15, 34:18, 34:21, 35:2, 35:6, 35:9, 35:12, 35:15, 35:19, 35:24, 36:8, 39:20, 45:8, 45:12, 45:16, 45:19, 45:22, 45:25, 46:3, 46:6, 46:9, 47:15, 48:12, 49:10, 50:10, 50:17, 51:6, 51:7, 51:21
**COURT'S** [1] - 6:22
**COURTHOUSE** [1] - 2:6
**COURTROOM** [5] - 3:16, 4:6, 4:17, 8:20, 49:3
**COURTROOM** [3] - 3:4, 8:22, 9:2
**CR** [1] - 1:7
**CREATE** [6] - 37:9, 37:13, 37:23, 38:2, 39:8, 41:24
**CREATED** [10] - 37:22, 38:6, 40:4, 40:5, 42:2, 43:2, 43:25, 44:8, 44:22
**CREATING** [1] - 38:25
**CREATION** [2] - 44:6, 44:12
**CRIME** [6] - 12:12, 12:19, 19:5, 40:19, 43:14, 49:18
**CRIMINAL** [1] - 3:5
**CRIMINAL** [3] - 4:11, 36:21, 42:11
**CROSS** [1] - 17:7
**CROSS-EXAMINE** [1] - 17:7
**CRR** [2] - 1:23, 51:21
**CSR** [2] - 1:23, 51:21
**CUSTODY** [1] - 50:2

# D

**DATA** [3] - 48:14, 48:15, 48:25
**DATE** [7] - 47:13, 47:16, 48:8, 48:18, 48:20, 49:17, 50:5
**DATED** [1] - 51:17
**DATES** [2] - 4:12, 50:5
**DAY** [1] - 51:17
**DAYS** [2] - 10:15, 48:22
**DECIDED** [1] - 17:17
**DECISION** [1] - 35:10
**DECISIONS** [8] - 19:15, 19:16, 37:6, 37:7, 43:5, 43:6,

44:14, 44:15
**DECLARATION** [1] - 41:19
**DEFENDANT** [90] - 6:2, 11:20, 11:21, 15:3, 19:4, 19:8, 19:11, 19:12, 29:1, 29:3, 29:5, 29:6, 29:8, 29:15, 29:17, 30:19, 31:1, 31:3, 34:2, 36:12, 36:13, 36:15, 36:25, 37:2, 37:8, 37:13, 37:19, 37:20, 37:22, 37:25, 38:3, 38:6, 38:25, 39:4, 39:7, 39:9, 39:12, 39:16, 40:4, 40:11, 40:16, 40:18, 40:20, 41:2, 41:6, 41:9, 41:13, 41:16, 41:19, 41:20, 41:21, 41:23, 42:2, 42:7, 42:9, 42:12, 42:14, 42:18, 42:21, 42:23, 42:24, 43:1, 43:10, 43:12, 43:14, 43:16, 43:18, 43:19, 43:21, 44:1, 44:4, 44:7, 44:19, 44:21, 44:23, 45:4, 45:5, 46:15, 46:17, 46:19, 46:22, 46:25, 48:16, 49:12, 50:6, 50:7
**DEFENDANT** [97] - 2:9, 5:20, 9:1, 9:7, 9:10, 9:13, 9:18, 9:21, 9:24, 10:1, 10:3, 10:5, 10:9, 10:13, 10:16, 10:21, 11:1, 11:4, 12:3, 13:2, 13:5, 13:9, 13:13, 13:16, 13:19, 14:23, 15:1, 15:21, 16:2, 16:4, 17:24, 18:1, 18:4, 18:7, 18:12, 18:14, 19:21, 19:24, 20:2, 20:5, 20:25, 21:7, 21:11, 21:17, 21:25, 22:10, 22:24, 23:9, 23:20, 23:24, 24:3, 24:7, 24:10, 24:13, 25:2, 25:7, 25:11, 25:15, 25:20, 25:24, 26:4, 26:7, 26:11, 26:14, 26:21, 27:1, 27:4, 27:8, 27:12, 27:17, 27:24, 28:3, 28:6, 28:9, 28:18, 28:23, 30:15, 31:9, 31:14, 34:8, 34:11, 34:14,

34:17, 34:20, 35:1, 35:5, 35:8, 35:11, 35:14, 35:18, 35:23, 45:11, 45:15, 45:18, 45:21, 46:8, 48:11
**DEFENDANT** [1] - 1:9
**DEFENDANT'S** [10] - 29:2, 29:4, 29:10, 29:25, 31:5, 37:4, 43:24, 44:17, 46:20, 47:6
**DEFENDANTS** [1] - 4:11
**DEFENSE** [4] - 15:12, 15:13, 17:3, 34:13
**DEFENSES** [3] - 24:5, 32:10, 46:19
**DELIBERATELY** [2] - 19:12, 37:3
**DEMEANOR** [1] - 46:20
**DENIAL** [1] - 21:22
**DENIED** [2] - 43:16, 44:4
**DEPARTURES** [1] - 24:22
**DEPORTATION** [1] - 21:20
**DEPRIVE** [1] - 22:6
**DEPUTY** [2] - 8:20, 49:3
**DEPUTY** [3] - 3:4, 8:22, 9:2
**DESCRIBE** [3] - 19:2, 20:6, 28:25
**DESCRIBED** [4] - 23:19, 36:17, 42:12, 45:17
**DESIGNED** [1] - 37:14
**DETERMINE** [4] - 15:11, 25:9, 25:13, 29:19
**DETERMINING** [4] - 24:18, 24:20, 28:13, 38:12
**DIAGNOSIS** [1] - 10:18
**DIFFERENT** [1] - 25:22
**DIFFICULT** [1] - 6:21
**DIFFICULTY** [1] - 6:24
**DISABILITY** [1] - 10:24
**DISAGREE** [1] - 46:11
**DISAPPOINTMENT** [1] - 26:9
**DISCOVER** [1] - 6:15
**DISCOVERED** [1] - 30:23
**DISCOVERY** [1] - 32:7

DISCUSS [7] - 26:20, 27:5, 27:7, 31:7, 31:25, 34:18, 47:12
DISCUSSED [8] - 5:13, 12:25, 13:20, 19:22, 20:23, 23:4, 24:4, 35:20
DISCUSSION [6] - 3:25, 6:1, 27:20, 31:10, 33:10, 47:14
DISPLAYED [1] - 43:21
DISTRICT [5] - 36:24, 40:17, 42:8, 43:11, 44:20
DISTRICT [5] - 1:1, 1:2, 1:3, 51:7, 51:8
DIVISION [1] - 1:2
DO [1] - 51:8
DOCUMENT [5] - 26:23, 41:22, 44:23, 45:2
DOCUMENTATION [2] - 38:14, 38:15
DOCUMENTS [2] - 39:17, 41:17
DOUBT [2] - 16:14, 16:23
DOUBTS [1] - 41:6
DOWN [5] - 6:7, 6:25, 7:2, 7:3, 39:21
DRAWINGS [2] - 37:9, 37:14
DRUG [4] - 10:11, 30:7, 30:8, 46:23
DRUGS [1] - 10:14
DRY [1] - 44:1
DUE [1] - 49:1
DURING [2] - 5:2, 38:25

E

EASY [1] - 4:14
EBAY [1] - 37:19
ECF [6] - 7:11, 14:7, 15:23, 26:23
EFFORT [1] - 27:14
EITHER [6] - 33:4, 34:1, 36:21, 42:18, 48:23, 49:4
ELEMENT [2] - 16:14, 16:22
ELEMENTS [4] - 19:23, 25:9, 38:1, 47:9
ELIMINATE [1] - 7:3
EMPHASIZE [1] - 47:25
ENTER [3] - 7:10,

17:3, 32:22
ENTERED [1] - 47:11
ENTERING [6] - 28:19, 28:20, 30:11, 30:12, 32:24, 46:25
ENTIRE [4] - 32:3, 36:6, 36:8, 44:22
ENTITLED [1] - 51:11
ENTITLED [1] - 39:25
ESSAY [2] - 40:7, 40:9
ESSENTIAL [2] - 38:12, 47:8
ESTABLISH [1] - 36:18
ESTABLISHED [3] - 38:22, 38:23
ESTABLISHING [1] - 38:11
ESTATE [2] - 38:16, 42:18
ESTIMATE [1] - 25:22
ESTRADA [1] - 2:4
EVENT [2] - 6:24, 33:14
EVENTUAL [1] - 26:12
EVIDENCE [5] - 16:20, 17:10, 30:23, 32:14, 32:17
EWUSI [1] - 1:3
EWUSI-MENSAH [1] - 1:3
EXAMINE [1] - 17:7
EXAMPLES [1] - 38:17
EXCEPT [1] - 30:21
EXCEPTION [1] - 29:2
EXCUSE [3] - 4:25, 15:23, 43:18
EXHIBIT [1] - 39:25
EXHIBITING [1] - 38:20
EXHIBITION [2] - 40:5, 40:7
EXHIBITIONS [2] - 38:18, 38:19
EXPECT [1] - 28:17
EXPLAINED [1] - 25:8
EXPLICITLY [2] - 22:16, 30:23
EXPOSE [1] - 38:1
EXPRESS [1] - 50:12
EXPRESSLY [1] - 33:24
EXTENT [1] - 29:24
EXTREMELY [1] - 49:5

F

FABRICATED [1] -

44:9
FACT [4] - 17:18, 36:12, 40:3, 49:11
FACTOR [1] - 46:23
FACTORS [4] - 24:23, 25:9, 25:19, 36:19
FACTS [10] - 24:5, 25:18, 29:9, 31:4, 32:6, 35:25, 36:16, 36:20, 36:21
FACTUAL [1] - 36:5, 36:6, 36:8, 45:23, 47:8
FACULTIES [2] - 11:18, 11:22
FAILURE [1] - 49:17
FAKE [1] - 42:13
FALSE [12] - 9:5, 11:24, 18:23, 19:6, 19:8, 36:25, 39:8, 39:12, 40:13, 42:4, 42:10, 43:7
FAMILIAR [1] - 14:9
FAMILY [3] - 4:4, 13:11, 28:1
FAR [2] - 24:9, 49:12
FAST [1] - 4:20
FAVORABLE [2] - 15:11, 15:12
FBI [13] - 19:10, 19:15, 37:1, 37:2, 37:6, 40:15, 40:18, 41:25, 42:6, 43:5, 43:9, 44:14, 44:18
FEATURED [3] - 40:3, 40:6, 40:8
FEATURING [1] - 40:2
FEBRUARY [2] - 39:19, 39:24
FEDERAL [3] - 1:23, 51:6, 51:21
FELONY [6] - 12:1, 12:8, 12:11, 18:24, 22:4, 46:16
FEW [3] - 3:15, 22:25
FILE [4] - 15:9, 15:10, 47:22, 48:24
FILED [5] - 7:11, 12:7, 14:7, 15:7, 15:24
FILING [1] - 12:8
FINALLY [1] - 17:21
FINDINGS [1] - 46:10
FINE [2] - 20:13, 29:22
FINES [1] - 20:8
FINISHING [1] - 37:25
FIREARM [1] - 30:6
FIRST [2] - 4:19, 19:8
FIVE [3] - 20:12, 25:6, 37:18
FLOW [1] - 5:14

FOCUSED [1] - 39:2
FOLLOW [1] - 24:19
FOLLOWING [5] - 16:5, 19:7, 21:3, 29:18, 30:4
FOR [4] - 2:3, 2:9, 51:7
FORCE [2] - 13:14, 28:4
FOREGOING [1] - 51:9
FORFEITURE [1] - 23:10
FORM [2] - 14:13, 14:22
FORMAT [1] - 51:12
FORMED [1] - 37:9
FORMER [1] - 43:24
FORTH [2] - 30:6, 36:19
FORWARD [2] - 11:3, 11:15
FOUNDATION [1] - 38:16
FOURTH [1] - 19:14
FRAUDULENT [14] - 37:15, 37:21, 38:5, 39:1, 39:8, 39:9, 39:13, 39:17, 41:24, 43:17, 43:20, 44:8, 44:9, 44:25
FREE [2] - 17:5, 28:8
FREELY [4] - 5:16, 8:16, 15:6, 32:25
FRIDAY [1] - 49:6
FRIDAY [2] - 1:12, 3:1
FRIEND [1] - 44:23
FRIMPONG [1] - 1:3
FRONT [1] - 14:8
FULL [4] - 9:17, 11:22, 32:25, 47:4
FULLY [6] - 8:5, 10:24, 15:3, 34:12, 34:15, 46:25
FUTURE [2] - 21:24, 22:15

G

GAIN [1] - 20:13
GALLERY [2] - 38:15
GENERAL [2] - 27:20, 33:10
GENERAL [1] - 30:6
GESTURE [2] - 50:15
GIVEN [7] - 14:20, 18:10, 25:23, 28:21, 30:13, 33:11, 49:13
GOD [1] - 8:25
GOVERNMENT [24] -

3:9, 12:14, 14:14, 15:4, 16:13, 16:19, 16:21, 16:24, 16:25, 19:6, 25:17, 28:11, 32:4, 32:7, 32:14, 32:18, 33:25, 34:4, 36:1, 45:22, 45:25, 48:9, 49:7, 50:8
GOVERNMENT'S [1] - 49:10
GRADUATE [2] - 9:25, 10:2
GRAND [11] - 12:5, 12:11, 12:15, 12:17, 12:18, 12:21, 12:22, 13:1, 13:4, 13:18
GRATITUDE [1] - 50:13
GREATER [1] - 21:10
GREATEST [1] - 20:14
GREATLY [1] - 50:16
GROSS [2] - 20:13
GROUP [3] - 39:16, 41:13, 44:24
GROUPS [1] - 40:25
GUARANTEES [4] - 13:7, 27:14, 33:4, 34:1
GUIDELINES [6] - 24:17, 24:21, 24:23, 25:4, 30:24, 36:18
GUIDELINES [11] - 24:17, 25:1, 25:13, 25:18, 26:1, 26:2, 26:3, 26:9, 27:21, 33:10
GUILT [1] - 16:13
GUILTY [43] - 7:10, 8:4, 10:25, 16:7, 16:8, 17:19, 19:5, 22:5, 24:2, 26:6, 26:10, 26:13, 27:15, 27:23, 28:2, 28:5, 28:7, 28:20, 29:2, 29:3, 29:5, 29:8, 29:10, 30:12, 31:3, 31:5, 32:17, 33:15, 35:10, 35:13, 35:16, 35:20, 35:22, 36:13, 36:14, 36:17, 45:16, 45:19, 45:20, 46:8, 46:16, 46:18, 47:3

H

HALF [1] - 38:4
HAND [2] - 8:22, 38:10
HANDLE [1] - 4:22
HAPPY [1] - 27:6
HARD [1] - 41:5

**HEAR** [1] - 17:8
**HEARD** [5] - 7:7, 7:21, 7:25, 8:2, 49:22
**HEARING** [12] - 22:15, 41:4, 47:23, 47:24, 48:3, 48:4, 48:5, 48:22, 49:4, 49:17, 49:18, 50:3
**HEARING** [1] - 1:11
**HELD** [1] - 51:11
**HELP** [1] - 8:25
**HELPFUL** [1] - 49:5
**HEREBY** [1] - 51:8
**HEREIN** [2] - 29:9, 31:4
**HEROES** [1] - 39:25
**HIGH** [1] - 9:25
**HIMSELF** [1] - 42:25
**HISTORY** [1] - 38:9
**HOLD** [1] - 22:7
**HOME** [1] - 40:16
**HONEST** [3] - 34:22, 34:24, 40:18
**HONOR** [134] - 3:8, 3:11, 3:15, 4:6, 6:8, 6:11, 7:12, 7:22, 8:2, 9:7, 9:15, 10:3, 10:13, 11:1, 11:4, 11:9, 11:16, 11:19, 12:3, 13:2, 13:5, 13:9, 13:13, 13:16, 13:19, 13:22, 13:25, 14:3, 14:23, 15:1, 15:15, 15:21, 16:2, 16:4, 17:24, 18:1, 18:4, 18:7, 18:12, 18:14, 18:18, 18:21, 19:3, 19:21, 19:24, 20:2, 20:5, 20:19, 20:25, 21:7, 21:11, 21:17, 21:25, 22:10, 22:13, 22:18, 22:24, 23:9, 23:12, 23:20, 23:24, 24:3, 24:7, 24:10, 24:13, 25:2, 25:7, 25:11, 25:15, 25:20, 25:24, 26:4, 26:7, 26:11, 26:14, 26:17, 26:21, 27:1, 27:4, 27:8, 27:12, 27:17, 27:24, 28:3, 28:6, 28:9, 28:18, 28:23, 29:14, 30:15, 31:9, 31:14, 31:19, 31:22, 32:2, 32:5, 32:8, 32:11, 32:15, 32:19, 32:23, 33:2, 33:7, 33:16, 33:19, 33:22, 34:3, 34:5, 34:8, 34:11, 34:14,

34:17, 34:20, 35:1, 35:5, 35:8, 35:11, 35:14, 35:18, 35:23, 36:4, 36:11, 39:23, 45:11, 45:15, 45:18, 45:21, 45:24, 46:2, 46:5, 48:11, 49:9, 50:9, 50:12
**HONORABLE** [1] - 1:3

**I**

**IDEA** [1] - 44:2
**ILLEGALLY** [1] - 32:17
**ILLNESS** [1] - 10:8
**IMAGE** [1] - 37:17
**IMAGES** [2] - 37:24, 37:25
**IMAGINE** [1] - 4:14
**IMMIGRATION** [1] - 22:2
**IMPORTANT** [5] - 5:3, 5:12, 8:16, 34:21, 49:25
**IMPOSE** [5] - 20:11, 26:1, 28:16, 29:20, 33:12
**IMPOSED** [5] - 25:22, 29:21, 29:22, 30:2, 30:5
**IMPOSES** [1] - 29:15
**IMPOSITION** [1] - 35:17
**IMPRISONMENT** [6] - 20:12, 21:3, 21:9, 29:16, 29:21, 35:17
**IN** [1] - 51:7, 51:11, 51:12
**INAUTHENTIC** [1] - 41:8
**INCLUDE** [4] - 35:17, 38:14, 38:17, 48:14
**INCLUDED** [3] - 38:7, 40:7, 41:14
**INCLUDES** [2] - 29:6, 31:1
**INCLUDING** [8] - 20:7, 22:6, 23:18, 38:6, 40:12, 44:24, 45:12, 48:25
**INCORPORATED** [1] - 7:17
**INCRIMINATE** [1] - 17:15
**INCRIMINATING** [2] - 17:20, 18:9
**INCRIMINATION** [1] - 17:14
**INDEPENDENT** [1] -

47:8
**INDICATED** [3] - 6:23, 8:12, 22:21
**INDICATES** [2] - 31:16, 38:5
**INDICATION** [1] - 33:11
**INDICT** [2] - 12:16, 12:21
**INDICTED** [2] - 12:20, 12:24
**INDICTMENT** [15] - 12:5, 12:10, 12:14, 12:22, 12:25, 13:4, 13:8, 13:12, 13:15, 13:18, 13:21, 13:24, 14:6, 14:20, 15:5
**INDUCEMENT** [1] - 27:23
**INEFFECTIVE** [1] - 30:22
**INFLUENCE** [3] - 10:11, 19:16, 46:22
**INFLUENCING** [4] - 19:16, 37:7, 43:6, 44:14
**INFORMATION** [5] - 15:12, 44:3, 47:20, 48:12, 48:14
**INFORMATION** [8] - 12:7, 12:9, 12:23, 15:19, 15:22, 16:1, 19:5, 46:16
**INFORMED** [3] - 8:5, 45:6, 47:1
**INNOCENT** [1] - 16:12
**INQUIRE** [1] - 7:19
**INSIDE** [1] - 39:10
**INSUFFICIENT** [2] - 29:10, 31:5
**INTELLIGENCE** [1] - 46:20
**INTELLIGENTLY** [4] - 14:2, 15:6, 18:16, 47:4
**INTEND** [1] - 49:3
**INTENT** [2] - 45:13, 48:24
**INTEREST** [1] - 32:22
**INTERRUPT** [8] - 5:7, 5:8, 5:11, 5:12, 8:17, 8:18, 46:12
**INTERRUPTING** [1] - 39:20
**INTERVIEW** [11] - 40:13, 40:17, 40:22, 41:23, 42:4, 42:9, 43:1, 43:7, 43:12, 44:7, 44:16
**INTERVIEWED** [4] -

40:15, 42:6, 43:10, 44:19
**INTERVIEWING** [1] - 43:13
**INTRODUCE** [1] - 4:5
**INVOICES** [1] - 38:14
**INVOLUNTARY** [1] - 29:3
**INVOLVED** [1] - 44:5
**IS** [2] - 51:10, 51:12
**ISSUE** [4] - 22:11, 22:14, 23:10, 31:11
**ISSUED** [1] - 24:16
**ISSUES** [1] - 20:17
**ITEM** [1] - 3:4
**ITEMS** [2] - 39:8, 43:20

**J**

**J.F** [13] - 37:9, 37:13, 37:17, 37:20, 37:22, 37:25, 38:4, 38:6, 40:4, 42:1, 43:2, 44:8, 44:23
**JEAN** [2] - 37:10, 40:1
**JEAN-MICHEL** [2] - 37:10, 40:1
**JOEL** [2] - 2:10, 2:10
**JOEL** [1] - 3:11
**JOIN** [3] - 9:14, 18:19, 33:20
**JR** [2] - 39:6, 40:1
**JSIN** [2] - 48:15, 48:25
**JUDGE** [1] - 1:3
**JUDGE** [3] - 4:21, 4:22, 17:1
**JUDGMENT** [1] - 46:24
**JUDICIAL** [1] - 51:13
**JUDICIARY** [1] - 48:14
**JULY** [1] - 51:17
**JUNE** [2] - 40:13, 40:15
**JURISDICTION** [2] - 19:10, 37:2
**JURORS** [1] - 12:18
**JURY** [18] - 12:5, 12:11, 12:15, 12:17, 12:21, 12:22, 13:1, 13:4, 13:18, 16:11, 16:15, 16:17, 16:21, 16:25, 22:8, 33:20, 34:4

**K**

**KEPT** [1] - 40:8
**KIND** [6] - 10:8, 10:12, 13:7, 22:8, 27:14,

27:23
**KNOWING** [1] - 42:10
**KNOWINGLY** [4] - 14:2, 18:16, 36:25, 47:3
**KNOWLEDGE** [4] - 19:12, 32:16, 32:25, 37:3
**KNOWN** [2] - 36:21, 39:5
**KOURY** [45] - 2:10, 2:10, 3:11, 3:14, 4:6, 5:23, 6:8, 6:11, 6:14, 6:20, 7:4, 7:12, 7:16, 9:15, 11:6, 11:9, 11:13, 11:16, 11:19, 13:22, 13:25, 14:3, 14:5, 14:9, 18:18, 18:21, 23:2, 23:5, 26:17, 31:19, 31:22, 32:2, 32:5, 32:8, 32:11, 32:15, 32:19, 32:23, 33:2, 33:7, 33:16, 33:19, 33:22, 46:5, 50:12
**KOURY** [7] - 3:11, 11:5, 11:9, 26:16, 31:15, 46:3, 50:11

**L**

**L.M** [4] - 41:14, 44:24, 45:6, 45:7
**LA** [1] - 3:5
**LABEL** [5] - 43:19, 43:23, 44:1, 44:3, 44:10
**LABELS** [1] - 38:15
**LAST** [1] - 10:15
**LATE** [1] - 3:15
**LAW** [1] - 2:10
**LAW** [4] - 21:6, 24:15, 25:5, 29:24
**LAW** [1] - 2:11
**LAWYER** [23] - 8:13, 8:18, 13:1, 17:9, 17:23, 18:6, 19:23, 20:23, 24:6, 24:25, 25:8, 25:13, 25:22, 26:20, 27:6, 27:21, 31:8, 34:7, 34:9, 46:11, 46:12, 47:21, 48:1
**LAWYERS** [1] - 35:4
**LEAD** [1] - 15:12
**LEAST** [2] - 12:17, 12:18
**LECTERN** [2] - 4:25, 36:9
**LEFT** [2] - 16:18,

35:16
**LEG** [1] - 6:18
**LEGALITY** [2] - 29:25, 32:13
**LENIENCY** [1] - 27:22
**LESS** [1] - 38:22
**LEVEL** [1] - 28:12
**LIE** [2] - 41:25, 43:15
**LIED** [1] - 44:21
**LIGHT** [2] - 7:14, 50:13
**LIKELY** [2] - 22:13, 49:13
**LIMB** [1] - 6:18
**LIMITATIONS** [1] - 15:14
**LIMITED** [4] - 28:21, 29:7, 30:13, 31:2
**LISTEN** [1] - 35:24
**LOCKER** [8] - 39:14, 39:15, 40:9, 40:12, 40:23, 42:15, 42:18, 43:16
**LOCKERS** [1] - 40:21
**LOOK** [2] - 37:14, 41:5
**LOOKING** [1] - 16:17
**LOS** [4] - 1:13, 1:24, 3:2, 51:3
**LOS** [7] - 2:7, 36:24, 40:10, 40:16, 42:7, 43:11, 44:20
**LOSS** [1] - 20:14
**LOWER** [1] - 6:10
**LUCK** [1] - 50:20
**LYING** [2] - 40:18, 43:13

# M

**MAAME** [1] - 1:3
**MAJORITY** [1] - 40:6
**MANDATED** [1] - 30:7
**MANDATORY** [3] - 20:7, 20:15, 21:21
**MANNER** [3] - 19:9, 41:3, 46:24
**MARKET** [1] - 37:11
**MARTIN** [1] - 2:4
**MATERIAL** [7] - 15:11, 15:16, 19:14, 37:5, 43:5, 44:13, 50:6
**MATERIALS** [1] - 37:23
**MATTER** [1] - 51:11
**MATTER** [3] - 34:16, 34:19, 37:1
**MAXIMUM** [13] - 20:3, 20:7, 20:10, 21:10, 23:18, 24:1, 25:5, 29:17, 29:23, 30:1,

30:3, 35:21, 37:17
**MAY** [2] - 1:12, 3:1
**MCKENNA** [23] - 2:5, 3:8, 7:22, 8:1, 15:15, 19:3, 20:10, 20:19, 22:13, 22:18, 23:12, 29:1, 29:14, 30:19, 34:3, 34:5, 36:4, 36:11, 39:23, 45:24, 46:2, 49:9, 50:9
**MCKENNA** [13] - 3:9, 7:19, 15:8, 20:6, 20:18, 22:11, 22:21, 23:10, 28:24, 30:16, 33:23, 36:3, 45:22
**MEANT** [1] - 36:19
**MEDICAL** [1] - 50:14
**MEDICATION** [3] - 10:11, 10:14, 10:20
**MEDICINE** [1] - 46:23
**MEETING** [1] - 4:19
**MEMBER** [1] - 28:1
**MEMBERS** [3] - 16:16, 16:20, 41:13
**MEMF** [2] - 1:7, 3:5
**MEMORANDUM** [1] - 48:23
**MENSAH** [1] - 1:3
**MENTAL** [2] - 10:7, 10:23
**MENTIONED** [3] - 8:7, 10:18, 18:11
**MICHAEL** [1] - 1:8
**MICHAEL** [2] - 3:6, 9:18
**MICHEL** [2] - 37:10, 40:1
**MICROPHONE** [1] - 6:6
**MICROPHONES** [1] - 7:6
**MIGHT** [9] - 12:21, 15:12, 25:1, 32:10, 40:24, 41:22, 42:1, 46:23
**MIKE** [1] - 39:2
**MIND** [1] - 35:19
**MINIMUM** [3] - 20:4, 20:8, 24:1
**MINUTE** [1] - 5:23
**MINUTES** [4] - 3:15, 6:21, 37:17, 37:18
**MISTAKE** [1] - 3:17
**MOMENT** [3] - 3:20, 14:16, 47:12
**MOMENTARY** [1] - 6:15
**MOMENTS** [1] - 23:1
**MONEY** [1] - 37:20
**MONICA** [1] - 2:12

**MONSTERS** [1] - 39:25
**MORNING** [6] - 3:8, 3:10, 3:11, 3:13, 4:2, 4:3
**MOST** [1] - 40:3
**MOVING** [1] - 4:20
**MR** [43] - 3:11, 3:14, 4:6, 5:23, 6:8, 6:11, 6:14, 6:20, 7:4, 7:12, 7:16, 9:15, 11:6, 11:9, 11:13, 11:16, 11:19, 13:22, 13:25, 14:3, 14:5, 14:9, 18:18, 18:21, 23:2, 23:5, 26:17, 31:19, 31:22, 32:2, 32:5, 32:8, 32:11, 32:15, 32:19, 32:23, 33:2, 33:7, 33:16, 33:19, 33:22, 46:5, 50:12
**MS** [22] - 3:8, 7:22, 8:1, 15:15, 19:3, 20:10, 20:19, 22:13, 22:18, 23:12, 29:1, 29:14, 30:19, 34:3, 34:5, 36:4, 36:11, 39:23, 45:24, 46:2, 49:9, 50:9
**MUMFORD** [5] - 39:6, 40:1, 41:10, 41:16, 45:6
**MUMFORD'S** [10] - 39:7, 39:10, 39:15, 39:18, 40:9, 40:12, 41:21, 43:15, 44:25
**MUSEUM** [2] - 39:24, 43:22
**MUSEUMS** [2] - 38:18, 38:20
**MUST** [3] - 8:5, 12:18, 19:7
**MYRA** [4] - 1:23, 51:6, 51:20, 51:21

# N

**NAME** [4] - 9:17, 11:8, 43:24, 44:10
**NARCOTICS** [1] - 10:8
**NATURAL** [1] - 19:15
**NATURALIZATION** [1] - 21:22
**NATURE** [7] - 8:6, 15:4, 19:2, 19:19, 47:1, 47:5, 49:11
**NEED** [10] - 5:6, 5:10, 5:17, 6:10, 8:13, 8:18, 18:5, 22:25, 50:3

**NEEDED** [1] - 7:1
**NEVER** [4] - 41:7, 41:11, 44:2, 45:4
**NEVERTHELESS** [1] - 43:16
**NEWLY** [1] - 30:22
**NINE** [1] - 38:7
**NO** [1] - 1:23, 51:21
**NOBODY** [1] - 4:12
**NONE** [1] - 7:24
**NORTH** [1] - 2:6
**NOTARIZED** [4] - 39:17, 41:19, 44:23, 45:3
**NOTES** [1] - 15:10
**NOTICE** [3] - 23:15, 48:21, 48:23
**NOTIFICATIONS** [1] - 49:22
**NOTIFIED** [1] - 7:20
**NOTIFY** [1] - 6:25
**NUMBER** [2] - 5:1, 20:21

# O

**OATH** [2] - 8:21, 9:4
**OBJECTIONS** [2] - 47:22, 48:24
**OBSERVATIONS** [1] - 11:21
**OBSERVED** [2] - 46:20, 46:21
**OBTAINED** [1] - 32:17
**OCEAN** [1] - 2:11
**OCTOBER** [5] - 36:23, 43:7, 43:9, 44:16, 44:18
**OF** [14] - 1:2, 1:5, 1:11, 1:11, 2:1, 2:10, 51:1, 51:3, 51:4, 51:8, 51:10, 51:13, 51:17
**OFF-THE-RECORD** [3] - 3:25, 6:1, 47:14
**OFFENSE** [9] - 16:9, 20:14, 22:4, 22:20, 23:16, 28:12, 29:5, 36:13, 47:9
**OFFER** [1] - 46:15
**OFFERED** [3] - 41:17, 45:3, 46:18
**OFFICE** [1] - 22:7
**OFFICE** [6] - 42:7, 43:10, 44:19, 47:18, 48:13, 48:17
**OFFICES** [1] - 2:10
**OFFICIAL** [4] - 1:23, 51:1, 51:6, 51:21
**OLD** [1] - 9:23

**ONE** [7] - 5:2, 5:23, 8:9, 21:3, 43:19, 43:20, 48:24
**OOO** [1] - 3:3
**OPEN** [5] - 14:12, 27:19, 33:6, 33:9, 33:25
**OPENED** [1] - 39:25
**OPINIONS** [1] - 41:3
**OPPORTUNITY** [1] - 25:17
**ORDER** [5] - 13:7, 22:19, 23:15, 47:10, 48:21
**ORDER** [1] - 30:6
**ORDERED** [2] - 48:20, 49:2
**ORLANDO** [2] - 39:24, 43:22
**ORTIZ** [3] - 4:7, 4:9, 50:18
**OUTDOORS** [1] - 38:1
**OUTSIDE** [1] - 3:16
**OVERWHELMED** [1] - 5:10
**OWN** [6] - 17:12, 28:8, 34:22, 34:24, 50:1, 50:2
**OWNER** [1] - 38:11
**OWNERSHIP** [1] - 38:9

# P

**P-H-I-L-L-I-P** [1] - 9:21
**PAGE** [3] - 26:22, 31:16, 38:8
**PAGE** [1] - 51:12
**PAGES** [5] - 26:24, 26:25, 31:17, 36:5
**PAID** [1] - 45:4
**PAINT** [2] - 42:21, 44:1
**PAINTED** [1] - 42:24
**PAINTER** [1] - 37:10
**PAINTING** [3] - 38:3, 43:20, 43:25
**PAINTING'S** [1] - 44:11
**PAINTINGS** [11] - 37:9, 37:14, 40:2, 40:12, 41:20, 42:12, 42:13, 42:17, 43:2, 43:4, 44:12
**PAINTINGS** [11] - 37:16, 37:21, 38:6, 39:1, 39:9, 39:13, 39:17, 41:24, 43:17, 43:20, 44:8, 44:9, 44:25

**PAPERWORK** [2] - 41:15, 45:4
**PARAGRAPH** [2] - 22:3, 36:19
**PARK** [1] - 2:11
**PAROLE** [4] - 21:13, 21:14, 23:21, 23:23
**PART** [4] - 7:18, 21:5, 28:10, 28:22
**PARTIAL** [1] - 10:3
**PARTICIPATE** [1] - 16:16
**PARTICULAR** [3] - 27:22, 33:13, 33:14
**PARTIES** [1] - 49:2
**PARTY** [3] - 27:10, 36:21, 48:22
**PAUSE** [2] - 3:21, 14:17
**PAY** [2] - 22:20, 23:8
**PENALTIES** [1] - 20:7
**PENALTY** [2] - 20:4, 49:24
**PENDING** [1] - 50:3
**PEOPLE** [3] - 41:1, 41:4, 48:4
**PERCENT** [1] - 42:16
**PERIOD** [1] - 20:12
**PERJURY** [1] - 9:5
**PERMITTED** [1] - 29:24
**PERSIST** [1] - 16:9
**PERSON** [3] - 3:17, 4:7, 49:4
**PERSONS** [1] - 12:18
**PHILIP** [2] - 9:18, 9:20
**PICTURE** [1] - 38:7
**PIECE** [2] - 38:10, 38:12
**PIECES** [2] - 40:8, 44:22
**PLACE** [1] - 49:21
**PLACED** [2] - 21:2, 38:1
**PLAINTIFF** [1] - 2:3
**PLAINTIFF** [1] - 1:6
**PLAN** [2] - 37:9, 49:6
**PLEA** [62] - 7:10, 7:17, 8:4, 8:25, 10:25, 11:15, 16:9, 17:3, 18:9, 21:13, 21:19, 22:2, 22:5, 22:17, 22:21, 23:18, 24:2, 24:12, 26:6, 26:10, 26:13, 26:15, 26:19, 27:2, 27:6, 27:16, 27:19, 28:10, 28:14, 28:17, 28:20, 29:3, 29:10, 30:12, 31:5, 31:16, 32:22, 32:25,

33:1, 33:5, 33:9, 33:14, 33:18, 33:21, 33:24, 35:7, 35:13, 35:16, 35:20, 36:17, 38:5, 46:16, 46:18, 47:1, 47:2, 47:3, 47:5, 47:7, 47:10
**PLEA** [1] - 1:11
**PLEAD** [10] - 16:6, 16:8, 27:15, 27:23, 28:2, 28:5, 35:10, 35:22, 36:13, 46:7
**PLEADING** [11] - 17:19, 18:25, 22:4, 28:7, 29:3, 29:5, 29:8, 31:3, 32:17, 45:16, 45:19
**PLEASURE** [1] - 50:17
**PODIUM** [3] - 6:4, 6:5, 6:6
**POINT** [4] - 5:5, 5:9, 5:17, 8:18
**POINTED** [1] - 43:23
**PONCE** [4] - 1:23, 51:6, 51:20, 51:21
**PORTION** [1] - 29:20
**PORTIONS** [1] - 36:7
**POSITION** [2] - 48:2, 49:11
**POSSESS** [1] - 22:8
**POSSESSION** [4] - 11:17, 11:22, 32:18, 44:11
**POSSESSIONS** [1] - 39:11
**POSSIBLE** [5] - 23:17, 24:1, 24:4, 24:5, 24:22
**POSSIBLY** [1] - 24:1
**POST** [3] - 30:17, 30:20, 30:21
**POST-CONVICTION** [3] - 30:17, 30:20, 30:21
**POTENTIAL** [1] - 32:9
**PREPARED** [4] - 6:16, 25:14, 36:1, 47:17
**PRESENCE** [4] - 4:10, 4:13, 31:21, 50:19
**PRESENT** [10] - 4:4, 4:6, 12:15, 16:19, 17:10, 38:11, 47:21, 48:2, 48:5, 49:3
**PRESENTED** [1] - 48:9
**PRESENTENCE** [5] - 25:14, 47:17, 48:15, 48:17, 48:24
**PRESUMED** [1] - 16:12

**PRETRIAL** [3] - 47:18, 48:13, 48:17
**PRETRIAL** [1] - 6:16
**PREVENT** [1] - 10:24
**PREVIOUSLY** [4] - 23:4, 39:5, 40:8, 40:20
**PRINT** [1] - 14:14
**PRINTED** [1] - 14:19
**PRISON** [8] - 20:22, 21:2, 21:5, 21:16, 23:22, 25:4, 49:19
**PRIVILEGE** [1] - 17:14
**PROBABLE** [2] - 12:11, 12:19
**PROBATION** [5] - 21:13, 21:14, 27:22, 30:2, 30:4
**PROBATION** [3] - 47:18, 48:13, 48:16
**PROBLEM** [1] - 3:18
**PROCEDURES** [1] - 29:19
**PROCEED** [5] - 11:18, 11:23, 12:23, 15:4, 36:3
**PROCEEDING** [3] - 7:18, 7:21, 8:6
**PROCEEDINGS** [2] - 1:11, 51:11
**PROCEEDINGS** [6] - 3:21, 11:12, 14:17, 17:6, 24:12, 50:23
**PROCESS** [1] - 5:3
**PROFITS** [1] - 38:4
**PROMISE** [1] - 33:13
**PROMISES** [5] - 13:6, 27:13, 27:21, 33:3, 34:1
**PRONOUNCE** [1] - 11:7
**PROPOSED** [1] - 48:25
**PROSECUTION** [2] - 9:5, 42:11
**PROSECUTOR** [6] - 7:19, 16:15, 19:1, 35:25, 45:9, 45:17
**PROSECUTORS** [1] - 15:10
**PROSTHETIC** [2] - 6:17, 6:18
**PROVE** [3] - 16:13, 36:1, 45:6
**PROVEN** [1] - 16:21
**PROVENANCE** [9] - 38:9, 38:12, 38:14, 38:17, 38:22, 38:24, 39:8, 39:12, 45:7
**PROVIDE** [2] - 23:15,

47:19
**PROVIDED** [13] - 15:13, 15:16, 29:9, 29:15, 29:22, 29:25, 30:3, 31:4, 32:7, 34:7, 36:16, 39:16, 49:22
**PROVING** [1] - 16:13
**PUBLIC** [2] - 16:10, 22:7
**PULL** [1] - 7:6
**PUNISHMENT** [1] - 24:5
**PURCHASED** [3] - 39:4, 40:11, 41:9
**PURCHASING** [2] - 39:3, 40:23
**PURPORTED** [1] - 38:21
**PURPORTEDLY** [2] - 40:2, 42:12
**PURSUANT** [1] - 51:8
**PURSUANT** [1] - 7:10
**PURSUE** [1] - 32:9

## Q

**QUESTIONED** [2] - 17:9, 46:15
**QUESTIONING** [1] - 6:22
**QUESTIONS** [12] - 4:23, 8:7, 8:9, 8:24, 9:9, 18:2, 19:25, 23:25, 34:22, 34:25, 36:2, 46:21
**QUICK** [1] - 14:15
**QUITE** [1] - 50:2
**QUOTE** [9] - 40:10, 40:24, 40:25, 41:3, 42:1, 42:18, 43:14, 44:21, 44:22

## R

**RAISE** [2] - 6:10, 8:22
**RAN** [1] - 39:2
**RANGE** [10] - 24:21, 24:22, 25:4, 25:13, 25:18, 26:1, 26:9, 27:22, 33:14, 49:13
**RDR** [2] - 1:23, 51:21
**REACTED** [1] - 45:7
**READ** [7] - 14:24, 15:25, 16:1, 26:19, 36:6, 36:8, 47:22
**REAL** [1] - 14:15
**REALLY** [2] - 4:13, 4:15
**REALTIME** [1] - 51:6

**REASON** [7] - 6:14, 11:2, 11:14, 13:23, 24:11, 33:17, 35:12
**REASONABLE** [2] - 16:14, 16:22
**RECEIVE** [3] - 23:18, 24:1, 35:21
**RECEIVED** [1] - 15:18
**RECENTLY** [1] - 10:7
**RECITATION** [1] - 36:20
**RECOGNIZANCE** [2] - 50:1, 50:2
**RECOMMENDATIONS** [3] - 28:11, 28:15, 28:16
**RECORD** [12] - 3:24, 3:25, 4:1, 5:24, 6:1, 14:16, 14:18, 15:22, 22:1, 47:12, 47:14, 47:15
**RECORDS** [4] - 38:15, 38:17, 38:18
**REFERENCED** [2] - 31:17, 40:9
**REFERRED** [2] - 37:15, 48:16
**REFERRING** [1] - 26:24
**REFLECT** [1] - 22:1
**REFORM** [1] - 24:15
**REGARDING** [3] - 8:24, 23:25, 35:20
**REGARDLESS** [1] - 25:3
**REGULATIONS** [1] - 51:13
**REITERATE** [1] - 8:15
**REJECT** [1] - 28:15
**RELATE** [1] - 36:21
**RELEASE** [18] - 20:8, 20:13, 20:21, 20:24, 21:3, 21:4, 21:6, 21:13, 21:15, 30:2, 30:5, 49:1, 49:15, 49:20, 49:23, 49:25, 50:4
**RELEASED** [2] - 23:23, 50:7
**RELEVANT** [1] - 36:20
**REMAIN** [7] - 7:15, 9:9, 9:11, 49:14, 50:1, 50:2
**REMAND** [1] - 49:8
**REMEMBER** [1] - 41:22
**REMOVAL** [1] - 21:20
**RENTED** [1] - 39:5
**REPEAT** [1] - 5:1
**REPEATEDLY** [1] -

41:15
**REPLACEMENT**[1] - 6:18
**REPORT**[9] - 6:16, 25:14, 25:17, 47:17, 47:20, 47:22, 48:15, 48:17, 48:25
**REPORTED**[1] - 25:18
**REPORTED**[1] - 51:11
**REPORTER**[4] - 1:23, 51:1, 51:7, 51:21
**REPORTER**[1] - 39:22
**REPORTER'S**[1] - 1:11
**REPRESENT**[1] - 32:3
**REPRESENTATION**[1] - 34:7
**REPRESENTATIONS**[4] - 13:7, 27:14, 33:4, 34:1
**REQUIRE**[1] - 15:4
**REQUIRED**[2] - 24:18, 24:20
**REQUIREMENTS**[2] - 46:1, 46:4
**RESELLING**[1] - 39:3
**RESIDENCY**[1] - 21:23
**RESPECT**[1] - 10:19
**RESPONDED**[4] - 42:14, 42:18, 42:23, 42:25
**RESTITUTION**[4] - 22:12, 22:20, 22:23, 23:8
**RESULT**[3] - 21:9, 21:15, 21:21
**RESULTING**[1] - 20:14
**RETROACTIVE**[1] - 30:23
**RETURNED**[3] - 12:5, 21:5, 21:15
**REVIEW**[4] - 15:9, 15:14, 25:17, 32:6
**REVOCATION**[1] - 21:14
**RIGHTS**[12] - 8:5, 8:6, 8:8, 16:6, 17:23, 18:11, 18:13, 22:6, 31:8, 31:12, 35:20, 47:6
**RMR**[1] - 1:23
**ROLE**[1] - 5:15
**ROOM**[1] - 1:24
**RPR**[1] - 1:23

**RUIZ**[1] - 15:14
**RULE**[2] - 46:1, 46:4
**RUSHED**[1] - 5:2

## S

**SALE**[2] - 37:11, 42:19
**SANTA**[1] - 2:12
**SATISFIED**[4] - 14:1, 18:15, 34:6, 45:22
**SAVE**[1] - 36:9
**SCANNED**[1] - 26:24
**SCHOOL**[1] - 9:25
**SCREENWRITER**[1] - 39:5
**SEATED**[2] - 7:5, 7:15
**SECOND**[1] - 19:8
**SECOND**[1] - 30:6
**SECTION**[1] - 51:9
**SECTION**[3] - 12:1, 18:24, 24:24
**SEE**[5] - 3:22, 17:8, 26:24, 48:15, 50:20
**SEEKING**[2] - 41:3, 49:8
**SEEM**[1] - 50:15
**SELECTING**[1] - 16:16
**SELF**[1] - 17:14
**SELF-INCRIMINATION**[1] - 17:14
**SELL**[1] - 37:19
**SELLING**[2] - 37:21, 42:12
**SENT**[2] - 20:22, 23:22
**SENTENCE**[26] - 17:22, 20:10, 23:18, 24:1, 24:18, 24:20, 25:4, 25:10, 25:21, 26:1, 26:13, 27:22, 28:12, 28:13, 28:16, 28:22, 29:13, 29:17, 29:20, 29:25, 30:14, 30:21, 33:12, 33:13, 35:17, 35:21
**SENTENCED**[3] - 21:2, 24:14, 49:19
**SENTENCING**[8] - 24:15, 24:16, 24:21, 24:22, 25:4, 30:24, 36:18
**SENTENCING**[21] - 6:16, 24:23, 30:24, 33:11, 33:14, 47:13, 47:23, 48:2, 48:3, 48:4, 48:5, 48:8, 48:14, 48:18, 48:23,

49:4, 49:13, 49:17, 49:18, 50:3, 50:5
**SEPARATE**[2] - 26:23, 49:18
**SERIES**[3] - 8:7, 37:14, 44:9
**SERIOUS**[1] - 5:13
**SERVE**[3] - 16:17, 21:2, 22:7
**SERVICES**[3] - 47:18, 48:13, 48:17
**SERVING**[1] - 21:9
**SET**[2] - 30:5, 36:19
**SEVEN**[1] - 36:5
**SEVERE**[2] - 28:16, 49:25
**SHALL**[1] - 48:23
**SHIPPING**[3] - 43:23, 44:1, 44:3
**SHOW**[1] - 14:14
**SHOWED**[2] - 41:19, 43:19
**SHOWING**[1] - 14:20
**SIDEBAR**[1] - 3:22
**SIGN**[4] - 31:20, 41:15, 41:17, 45:4
**SIGNATURE**[2] - 14:13, 14:22
**SIGNATURES**[1] - 26:25
**SIGNED**[9] - 14:6, 14:10, 14:25, 26:20, 31:17, 31:18, 32:1, 41:20, 45:2
**SIGNING**[2] - 41:22, 44:23
**SILENT**[2] - 9:9, 9:12
**SIT**[5] - 6:25, 7:2, 7:3, 16:18, 50:14
**SKIP**[1] - 36:6
**SLOW**[1] - 39:21
**SMALL**[2] - 40:10, 50:15
**SMALL-TIME**[1] - 40:10
**SOLD**[4] - 38:3, 40:25, 41:2, 43:21
**SOLEMNLY**[1] - 8:23
**SOMEONE**[4] - 28:1, 34:23, 43:4, 44:13
**SORRY**[1] - 11:7
**SORT**[1] - 4:20
**SPECIAL**[6] - 20:8, 20:15, 40:15, 42:6, 43:9, 44:18
**SPECIFIC**[1] - 33:12
**SPEEDY**[1] - 16:10
**SPELLED**[1] - 9:20
**SPENT**[1] - 37:17
**SPLIT**[1] - 37:20

**SPRING**[1] - 2:6
**STAFF**[1] - 3:15
**STAGE**[1] - 17:6
**STAND**[3] - 4:24, 4:25, 6:21
**STANDING**[1] - 6:9
**STANDS**[1] - 50:22
**STARTED**[2] - 3:17, 4:18
**STATE**[2] - 3:7, 35:25
**STATE**[1] - 51:4
**STATEMENT**[13] - 8:10, 9:6, 15:19, 19:8, 19:9, 19:13, 19:14, 29:9, 31:4, 36:15, 36:16, 40:10, 42:10
**STATEMENTS**[17] - 11:20, 11:25, 18:23, 19:6, 32:13, 37:1, 37:3, 37:5, 40:14, 42:2, 42:5, 43:2, 43:3, 43:8, 44:12
**STATES**[5] - 1:1, 1:5, 51:7, 51:9, 51:13
**STATES**[16] - 2:4, 2:5, 2:6, 3:5, 11:25, 15:2, 18:24, 21:19, 21:20, 21:23, 24:16, 24:24, 42:7, 43:10, 44:19, 46:14
**STATING**[4] - 40:7, 40:11, 41:20, 44:24
**STATUS**[1] - 21:23
**STATUTE**[2] - 29:7, 31:2
**STATUTES**[2] - 30:24, 30:25
**STATUTORY**[7] - 20:7, 20:10, 21:10, 29:17, 29:23, 30:1, 30:3
**STENOGRAPHICALLY**[1] - 51:10
**STILL**[2] - 35:22, 43:16
**STOP**[2] - 8:10, 8:12
**STORAGE**[14] - 39:3, 39:10, 39:13, 39:18, 40:9, 40:21, 40:23, 41:10, 41:16, 41:21, 42:15, 42:18, 43:15, 44:25
**STORED**[1] - 39:7
**STORY**[1] - 45:7
**STREET**[1] - 2:6
**STREET**[1] - 1:24
**STRESS**[1] - 7:3
**STUB**[1] - 39:13
**STUFF**[1] - 42:19

**STYLE**[1] - 37:10
**SUBJECT**[4] - 15:13, 20:20, 21:20, 42:11
**SUBMIT**[3] - 48:2, 48:7, 48:23
**SUBPOENAED**[1] - 17:11
**SUBSTANCE**[1] - 46:23
**SUFFER**[1] - 10:23
**SUFFERED**[1] - 6:17
**SUFFICIENT**[1] - 36:17
**SUGGEST**[1] - 25:19
**SUITE**[1] - 2:11
**SUPERVISED**[12] - 20:8, 20:12, 20:21, 20:24, 21:3, 21:4, 21:5, 21:13, 21:15, 30:2, 30:5, 49:1
**SUPPORT**[7] - 4:7, 4:12, 4:15, 29:10, 31:5, 36:17
**SUPPORTED**[1] - 47:7
**SWEAR**[1] - 8:23
**SWORN**[1] - 40:9

## T

**T.B**[3] - 41:14, 44:24, 45:3
**TABLE**[3] - 3:12, 4:25, 50:15
**TEN**[1] - 40:22
**TENDENCY**[1] - 19:15
**TERM**[4] - 20:8, 21:5, 21:9, 29:16
**TERMS**[7] - 23:19, 27:2, 27:10, 28:14, 29:21, 30:2, 31:12
**TESTIFY**[4] - 17:11, 17:12, 17:15, 17:17
**TESTING**[1] - 30:7
**THADDEUS**[2] - 39:6, 40:1
**THAT**[3] - 51:8, 51:9, 51:11
**THE**[276] - 2:3, 2:9, 3:4, 3:10, 3:13, 3:18, 3:22, 4:1, 4:8, 5:20, 5:21, 5:24, 6:3, 6:9, 6:12, 6:19, 7:2, 7:5, 7:13, 7:17, 7:23, 8:3, 8:22, 9:1, 9:2, 9:3, 9:7, 9:8, 9:10, 9:11, 9:13, 9:14, 9:16, 9:18, 9:19, 9:21, 9:22, 9:24, 9:25,

10:1, 10:2, 10:3, 10:4, 10:5, 10:6, 10:9, 10:10, 10:13, 10:14, 10:16, 10:17, 10:21, 10:22, 11:1, 11:2, 11:4, 11:5, 11:7, 11:10, 11:14, 11:17, 11:20, 12:3, 12:4, 13:2, 13:3, 13:5, 13:6, 13:9, 13:10, 13:13, 13:14, 13:16, 13:17, 13:19, 13:20, 13:23, 14:1, 14:4, 14:6, 14:11, 14:18, 14:23, 14:24, 15:1, 15:2, 15:17, 15:21, 15:22, 16:2, 16:3, 16:4, 16:5, 17:24, 17:25, 18:1, 18:2, 18:4, 18:5, 18:7, 18:8, 18:12, 18:13, 18:14, 18:15, 18:19, 18:22, 19:18, 19:21, 19:22, 19:24, 19:25, 20:2, 20:3, 20:5, 20:6, 20:16, 20:20, 20:25, 21:1, 21:7, 21:8, 21:11, 21:12, 21:17, 21:18, 21:25, 22:1, 22:10, 22:11, 22:16, 22:19, 22:24, 22:25, 23:4, 23:6, 23:9, 23:10, 23:13, 23:20, 23:21, 23:24, 23:25, 24:3, 24:4, 24:7, 24:8, 24:10, 24:11, 24:13, 24:14, 25:2, 25:3, 25:7, 25:8, 25:11, 25:12, 25:15, 25:16, 25:20, 25:21, 25:24, 25:25, 26:4, 26:5, 26:7, 26:8, 26:11, 26:12, 26:14, 26:15, 26:18, 26:21, 26:22, 27:1, 27:2, 27:4, 27:5, 27:8, 27:9, 27:12, 27:13, 27:17, 27:18, 27:24, 27:25, 28:3, 28:4, 28:6, 28:7, 28:9, 28:10, 28:18, 28:19, 28:23, 28:24, 29:11, 30:10, 30:15, 30:16, 31:6, 31:9, 31:10, 31:14, 31:15, 31:20, 31:24, 32:3, 32:6, 32:9, 32:12, 32:16, 32:21, 32:24, 33:3, 33:8, 33:17, 33:20, 33:23, 34:4, 34:6, 34:8,

34:9, 34:11, 34:12, 34:14, 34:15, 34:17, 34:18, 34:20, 34:21, 35:1, 35:2, 35:5, 35:6, 35:8, 35:9, 35:11, 35:12, 35:14, 35:15, 35:18, 35:19, 35:23, 35:24, 36:8, 39:20, 45:8, 45:11, 45:12, 45:15, 45:16, 45:18, 45:19, 45:21, 45:22, 45:25, 46:3, 46:6, 46:8, 46:9, 47:15, 48:11, 48:12, 49:10, 50:10, 50:17, 51:7, 51:9, 51:10, 51:11, 51:12, 51:13
**THEREFORE** [2] - 7:24, 15:6
**THINKS** [1] - 6:23
**THIRD** [1] - 19:11
**THIS** [1] - 51:17
**THREATEN** [2] - 13:11, 28:1
**THREE** [2] - 10:15, 20:12
**THREE-YEAR** [1] - 20:12
**TICKET** [1] - 39:13
**TITLE** [1] - 51:9
**TITLE** [3] - 11:25, 18:23, 24:23
**TO** [1] - 51:9
**TODAY** [14] - 4:13, 4:16, 4:24, 5:14, 8:17, 11:3, 11:11, 11:15, 21:13, 24:12, 27:20, 34:25, 35:3, 50:19
**TODAY'S** [1] - 21:19
**TOGETHER** [2] - 37:13, 44:9
**TOP** [1] - 44:1
**TOTAL** [2] - 21:9, 29:16
**TRANSCRIPT** [3] - 1:11, 51:10, 51:12
**TREATED** [1] - 10:7
**TRIAL** [13] - 16:10, 16:11, 16:12, 16:15, 16:19, 16:25, 17:5, 17:17, 17:21, 18:10, 33:20, 34:4, 36:1
**TRIED** [1] - 17:1
**TRUE** [1] - 51:10
**TRUE** [4] - 8:23, 9:16, 19:7, 45:13
**TRUST** [2] - 4:14, 49:7
**TURN** [1] - 26:22
**TURNING** [7] - 15:8,

26:15, 31:15, 40:13, 42:4, 43:7, 44:16
**TWICE** [1] - 20:13
**TWO** [2] - 10:5, 26:25

## U

**U.S** [3] - 1:3, 12:7, 12:23
**U.S.C** [4] - 19:7, 20:11, 30:7, 30:9
**UNANIMOUSLY** [1] - 16:21
**UNCERTAINTY** [1] - 26:5
**UNCONSTITUTIONAL** [2] - 29:8, 31:3
**UNDER** [9] - 9:4, 10:11, 23:14, 24:14, 24:15, 24:22, 24:23, 46:22, 49:15
**UNDERLYING** [1] - 36:20
**UNDERSTOOD** [5] - 3:18, 5:19, 6:8, 24:8, 48:10
**UNIT** [10] - 39:4, 39:10, 39:14, 39:18, 41:10, 41:11, 41:16, 41:21, 44:25, 45:1
**UNITED** [16] - 2:4, 2:5, 2:6, 3:5, 11:25, 15:2, 18:24, 21:19, 21:20, 21:23, 24:16, 24:24, 42:7, 43:10, 44:19, 46:14
**UNITED** [5] - 1:1, 1:5, 51:7, 51:9, 51:13
**UNITS** [1] - 39:3
**UNLAWFUL** [2] - 19:13, 37:4
**UNLESS** [2] - 12:10, 12:11
**UNPAID** [1] - 39:3
**UNTRUE** [2] - 19:13, 37:4
**UNTRUTHFUL** [2] - 42:3, 43:3
**UP** [18] - 6:7, 9:11, 13:17, 16:3, 16:6, 16:25, 17:19, 18:10, 18:13, 25:5, 28:21, 29:4, 29:17, 30:13, 30:19, 31:7, 31:11, 35:21
**USAO** [1] - 36:15

## V

**VACATED** [1] - 50:6

**VALUABLE** [1] - 22:6
**VALUE** [1] - 38:22
**VARIOUS** [2] - 25:9, 37:23
**VENICE** [1] - 40:1
**VERSUS** [3] - 3:5, 15:2, 46:14
**VIA** [1] - 49:4
**VICTIM** [1] - 22:20
**VICTIMS** [4] - 7:20, 7:24, 8:1, 23:15
**VIOLATE** [1] - 21:3
**VIOLATING** [1] - 49:24
**VIOLATION** [4] - 11:25, 18:23, 19:6, 20:11
**VOLUNTARILY** [6] - 14:2, 15:6, 18:16, 28:7, 32:25, 47:4
**VOTE** [1] - 22:7

## W

**W.F** [1] - 41:14
**WAIVE** [10] - 12:6, 12:10, 12:14, 12:22, 13:8, 13:12, 13:15, 13:17, 13:24, 34:4
**WAIVED** [1] - 18:10
**WAIVER** [10] - 14:1, 14:4, 14:25, 15:5, 15:7, 29:6, 29:12, 30:17, 31:1, 33:20
**WAIVER** [2] - 14:6, 14:19
**WAIVERS** [3] - 18:16, 18:20, 28:25
**WAIVING** [2] - 12:25, 29:3
**WANTS** [1] - 5:2
**WELCOME** [1] - 4:16
**WELL-KNOWN** [1] - 39:5
**WEST** [1] - 1:24
**WESTERN** [1] - 1:2
**WHICHEVER** [1] - 20:14
**WHOEVER'S** [1] - 6:9
**WILLFUL** [1] - 42:10
**WILLFULLY** [2] - 19:11, 36:25
**WISH** [5] - 7:21, 7:24, 8:1, 10:18, 47:21
**WISHES** [1] - 7:10
**WITH** [1] - 51:12
**WITHDRAW** [4] - 26:6, 26:10, 26:13, 28:17
**WITNESSES** [5] - 17:8, 17:9, 17:11, 49:3, 50:6

**WONDERFUL** [1] - 7:8
**WORDS** [1] - 18:10
**WORKS** [14] - 37:12, 37:14, 38:2, 38:4, 38:7, 40:3, 40:6, 41:2, 41:4, 41:7, 41:16, 41:18, 41:25, 42:24
**WORRIES** [1] - 31:24
**WRITTEN** [8] - 15:19, 27:16, 27:19, 33:5, 33:9, 33:24, 47:17, 48:23

## Y

**YEAR** [1] - 20:12
**YEARS** [6] - 10:4, 10:5, 20:21, 25:6, 40:22, 41:15
**YEARS'** [1] - 20:12
**YOURSELF** [4] - 17:12, 17:16, 17:20, 18:9

## Z

**ZOOM** [1] - 49:4