E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
MARK A. WILLIAMS (Cal. Bar No. 239351)
Chief, Environmental Crimes and Consumer Protection Section
Assistant United States Attorney
MATTHEW O'BRIEN (Cal. Bar No. 261568)
Assistant United States Attorney
Environmental Crimes and Consumer Protection Section
ALIX MCKENNA (Cal. Bar. No. 295202)
Assistant United States Attorney
General Crimes Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8644
     Facsimile: (213) 894-0141
     E-mail:   Matthew.O'Brien@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MICHAEL BARZMAN,<br><br>　　　　Defendant. | No. CR 23-CR-169-MEMF<br><br>GOVERNMENT'S RESPONSE TO VICTIM STATEMENTS FROM BASQUIAT VENICE INVESTMENT GROUP AND RICHARD LIPUMA<br><br>Sentencing Date:  August 18, 2023<br>Sentencing Time:  11:00 a.m.<br>Location:　　Courtroom of the Hon. Maame Ewusi-Mensah Frimpong |

　　　Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mark Williams, Matthew O'Brien, and Alix McKenna, hereby submits its response to the Court's orders on August 14 and 15, 2023 (Dkt. Nos. 34 & 36)

//

//

requiring a response to the victim statements filed by Basquiat Venice Investment Group and Richard LiPuma.

Dated: August 16, 2023         Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

    /s/
MARK WILLIAMS
MATTHEW O'BRIEN
ALIX MCKENNA
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Pursuant to the Court's orders (Dkt. Nos. 34 & 36), the government responds herein to the "Victim Impact Statement" filed on August 14, 2023 by third party Basquiat Venice Investment Group ("BVIG") (Dkt. No. 33), and the victim letter submitted on August 15, 2023 by third party Richard LiPuma (Dkt. No. 35).  Neither BVIG nor Mr. LiPuma is a victim of the charged offense committed by defendant MICHAEL BARZMAN ("defendant").  Accordingly, BVIG and Mr. LiPuma have no right to be heard at defendant's sentencing.  Nor do BVIG or Mr. LiPuma have any right to an evidentiary hearing prior to defendant's sentencing.  The Court should disregard their victim statements and proceed with defendant's sentencing on August 18, 2023.

**II.   ARGUMENT**

**A.    BVIG and Mr. LiPuma Are Not Victims in This Criminal Case**

The government has not provided any victim notifications in this case because the government is not aware of any victims of the charged offense (other than the FBI).  Neither BVIG nor Mr. LiPuma is a victim of the charged offense.  Accordingly, the government was not required to provide BVIG or Mr. LiPuma with any of the notifications or accommodations set forth in the Crime Victims' Rights Act ("CVRA") or any related statute.

The CVRA defines a "crime victim" as "a person directly and proximately harmed as a result of the commission of a Federal offense."  18 U.S.C. § 3771(e).[1]  Defendant pled guilty to a single

---

[1] Despite BVIG's absurd claim to the contrary (Victim Impact Statement at 4:20), paintings are not "persons" and cannot be victims.

count of violating 18 U.S.C. § 1001 for lying to the FBI during interviews <u>between August and October 2022</u>, when he claimed, falsely, that he did not create the Fraudulent Paintings.  The charged offense – lying to the FBI in late 2022 about the fact that he created the Fraudulent Paintings in 2012 – did not directly and proximately cause any harm to BVIG or Mr. LiPuma.

The only victim here is the FBI.  Defendant's false statements to the FBI directly and proximately harmed the FBI by sidetracking and prolonging the agents' investigation into defendant's role in the Fraudulent Paintings.  Other than the FBI, defendant's false statements to the FBI directly and proximately harmed nobody.

Both BVIG and Mr. LiPuma ignore that they could only qualify as victims under the CVRA if defendant's false statements to the FBI between August and October 2022 directly and proximately harmed them.  The submissions of BVIG and Mr. LiPuma are chock full of alleged harms purportedly caused by defendant <u>prior to</u> the charged offense.  Under the CVRA, those prior alleged harms allegedly caused by defendant prior to the charged offense do not transform BVIG or Mr. LiPuma into victims in this case.  While BVIG and Mr. LiPuma may have other legal remedies available for defendant's prior alleged misconduct, they do not count as victims in this criminal proceeding.

      1.   <u>BVIG</u>

BVIG acquired the Fraudulent Paintings many years prior to the conduct charged here.  The dramatic drop in the value of the Fraudulent Paintings in 2022 was not directly and proximately caused by defendant telling the FBI in the fall of 2022 that he did not create the Fraudulent Paintings.

Aside from being replete with false statements, the fundamental flaw in BVIG's 56-page "Victim Impact Statement" is that even if BVIG's claims were true (which the government denies), BVIG still would not qualify as a victim of the charged offense.  Even if the Fraudulent Paintings were authentic works by Jean-Michel Basquiat (which the government denies), defendant's statements to the FBI in 2022 that he did not create the Fraudulent Paintings still would not have directly and proximately harmed BVIG.  If BVIG's story were true, then defendant was telling the truth during the interviews with the FBI from August through October 2022 when he said he did not create the works, and BVIG could not possibly have been harmed by those purportedly true statements.

In contending otherwise, BVIG asks to Court to look beyond the elements of the charged offense.  To do so, however, would be contrary to the plain language of the CVRA, and would require federal courts to engage in extensive factfinding at various stages of a criminal proceeding to determine the full scope of a particular defendant's criminal conduct (so that potential victims' alleged CVRA rights could be enforced).  Congress did not intend such a result.

Indeed, the facts of this case make plain the pitfalls of looking beyond the elements of a particular offense in determining who qualifies as a "crime victim" under the CVRA.  The Fraudulent Paintings have been the subject of numerous overlapping schemes over the past decade.  The government's investigation into those schemes is ongoing.  As explained below, an evidentiary hearing into the decade's worth of frauds surrounding the Fraudulent Paintings would turn the government's narrowly tailored, straightforward criminal case against defendant into a quasi-civil quagmire.

3

2. <u>Mr. LiPuma</u>

Mr. LiPuma's letter to the Court similarly describes alleged harms caused by defendant to Mr. LiPuma <u>prior to</u> the charged offense in this case. Mr. LiPuma complains about numerous false statements allegedly made to him by defendant over the past decade, and the resulting financial hardships he incurred relating to the exhibition of the Fraudulent Paintings in early 2022. Even if everything that Mr. LiPuma claims is true, it would not make him a victim of the false statements that defendant provided to the FBI from August through October 2022.

**B. Defendant's Sentencing Should Proceed As Scheduled on August 18, 2023 Because There Is No Basis for an Evidentiary Hearing**

1. <u>BVIG</u>

BVIG's request for a continuance of defendant's sentencing so that an evidentiary hearing can take place lacks legal support and defies common sense. BVIG asks the Court to delay defendant's straightforward sentencing so that the Court can preside over a fact-finding inquiry covering events spanning a decade and dozens of witnesses.[2] An evidentiary hearing would be a mini-trial, despite

---

[2] Several of the key stakeholders of the "victims" are criminals. For example, Pierce O'Donnell (who authored the "Victim Impact Statement") has federal and state convictions for violating campaign-finance laws (for which he was sentenced to 60 days in prison). (<u>See, e.g., United States v. O'Donnell</u>, C.D. Cal. Case No. 2:08-CR-872-SJO.) O'Donnell was suspended from the California State Bar for his misconduct. Lee Mangan (<u>see</u> "Victim Impact Statement," Exh. 12) has convictions for cocaine trafficking and securities fraud. Their associate William Force (<u>see id.</u> at 31-32) also was convicted and imprisoned for felony drug trafficking. Aaron DeGroft, the former director of the Orlando Museum of Art (<u>see id.</u>, Exh. 11), was sued on August 14, 2023 (along with O'Donnell, Mangan, Force, LiPuma, BVCG, and others) by the museum for fraud and conspiracy as a result of the Basquiat exhibition. (<u>See</u> https://www.nytimes.com/2023/08/15/arts/design/fake-basquiats-orlando-lawsuit.html.)

4

the fact that there is no pending dispute between the government and defendant.  An evidentiary hearing would turn what should be a straightforward process on its head and interfere with the government's ongoing criminal investigation.  There is no authority for a non-victim third party to derail a sentencing in such a manner.

While BVIG frames its request as restitutionary (Victim Impact Statement at 51:26-27), BVIG is <u>not</u> seeking restitution.  BVIG does not claim that defendant ripped off BVIG by selling fraudulent artworks to BVIG.  To the contrary, BVIG claims it purchased genuine Basquiat paintings from defendant.  (<u>Id.</u>)  Hence even if BVIG's claims were accurate (which the government denies), BVIG would not be entitled to any restitution from defendant.

Instead, BVIG requests an evidentiary hearing through which to litigate the authenticity of the Fraudulent Paintings.  (<u>Id.</u> at 52:2-12.)  There is no legal authority providing for such a hearing here, and the lengthy "Victim Impact Statement" cites none.

Defendant has pled guilty to a narrow offense and seeks to be sentenced for his crime.  Other than a minor disagreement about the length of defendant's probation and the amount of community service he should perform, defendant and the government (and the United States Probation Office) are in complete agreement on the resolution of this case.  His sentencing should go forward as scheduled.

2. <u>Mr. LiPuma</u>

The same holds true for Mr. LiPuma.  Unlike BVIG, Mr. LiPuma does not appear to be requesting an evidentiary hearing and is seeking actual restitution.  Nonetheless, his request for a continuance so that he may prepare a more formal request for the

Court is improper because he is not a victim of defendant's charged offense.

### III. CONCLUSION

Whatever harms defendant allegedly caused BVIG and/or Mr. LiPuma, neither BVIG nor Mr. LiPuma has any right to sidetrack this criminal proceeding because neither is a victim of the charged offense. Defendant should be sentenced on Friday morning.

Dated: August 16, 2023        Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


    /s/
MARK WILLIAMS
MATTHEW O'BRIEN
ALIX MCKENNA
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA