UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>MICHAEL BARZMAN,<br><br>　　　　　　　　　Defendant. | Case No.: 2:23-cr-169-MEMF<br><br>**ORDER DENYING REQUESTS OF BASQUIAT VENICE COLLECTION GROUP AND RICHARD LIPUMA WITH RESPECT TO SENTENCING [33, 35]**<br><br>**SENTENCING DATE:** August 18, 2023 |

　　　The Court is in receipt of the Victim Impact Statement of Basquiat Venice Investment Group, ECF No. 33, and the Letter to the Court of Richard LiPuma, ECF No. 35. Upon receipt of these submissions, the Court ordered the parties to respond. ECF Nos. 34, 36. Both the Government and Barzman filed responses, *see* ECF No. 40, 41. The Court has considered these submissions for the sole purpose of determining whether Basquiat Venice Collection Group[1] ("BVCG") and Richard

---

[1] Although the Statement is captioned with the name "Basquiat Venice Investment Group," the text of the Statement refers to the purported victim as "Basquiat Venice Collection Group" and "BVCG." *See, e.g.*, ECF No. 33 at 4. For that reason, the Court, too, will refer to this entity as "Basquiat Venice Collection Group" and "BVCG."

1

LiPuma are "crime victims" under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, whether the sentencing hearing for Defendant Michael Barzman ("Barzman") should be continued, and whether a further evidentiary hearing should be held.

The Court finds this matter appropriate for decision without a hearing, and for the reasons set forth below, DENIES the requests of BVCG and LiPuma in full.

In its "Victim Impact Statement," BVCG purports to "furnish the Court with information relevant to the crimes committed by Defendant Michael Barzman and their impact on BVCG . . . ." BVCG Statement at 4. BVCG explains that Barzman made false statements in his Plea Agreement and at the guilty plea proceeding and that "BVCG is the victim of Barzman's fraud on the Court." *Id.* at 7. In light of this, BVCG requests that the court postpone the August 18 sentencing hearing and convene an evidentiary hearing to "determine the truth." *Id.* at 10. BVCG also asserts a claim for restitution. *Id.* at 51-52.

In his letter to the Court, LiPuma also asserts that he is "a victim of Michael Barzman's crimes." LiPuma Letter at 1. He explains that Barzman's "fraudulent representations and omissions (directed to me) caused substantial financial loss." *Id.* As a result, LiPuma requests that the sentencing hearing be postponed so that he can assert a claim for "restitution in the amount of my out-of-pocket costs incurred because of Barzman's fraud." *Id.* at 2.

As BVCG rightly asserts, the Crime Victims' Rights Act affords crime victims certain rights, including the right to be heard at sentencing. Both the Government and Barzman assert that neither BVCG nor LiPuma are "crime victims" under the Act.

The CVRA defines a crime victim as "a person directly and proximately harmed as a result of the commission of a Federal offense." 18 USC 3771(e)(2)(A). The offense Barzman was charged with and convicted of was making false statements to the FBI. The Information, ECF No. 1, and the Plea Agreement, ECF No. 3, specified what those false statements were—that Barzman stated that he did not create the paintings at issue or have them created when he and another individual created them. *See* Information at 2; Plea Agreement at 5-12.

In its submission, BVCG has not shown that it was a directly and proximately harmed as a result of *those* false statements to the FBI. To the contrary, BVCG appears to assert that what the

Government has charged as false statements were *not* false statements, and essentially that the crime Barzman committed was not the one he was charged and convicted of. In fact, BVCG repeatedly asserts that an evidentiary hearing is needed to "determine the truth" and to "explore" why Barzman was not charged with lying to the FBI on another occasion—namely, telling the FBI that he did not know anything about the paintings, when according to BVCG he knew their provenance and that they were genuine. *Id.* at 11, 16–17. Furthermore, BVCG explicitly states "BVCG is the victim of Barzman's *fraud on the Court*." *Id.* at 7 (emphasis added). It appears that BVCG's claim is that Barzman has falsely stated—to the FBI and to the Court via his Plea Agreement and guilty plea proceeding—that the paintings were created by him and another individual, and that *this* false statement has harmed BVCG. Because this is not the crime that Barzman has been charged or convicted with, any harm that BVCG may have experienced does not make BVCG a "crime victim" under the statute. Similarly, BVCG has pointed the Court to no authority suggesting that the provisions of the Act requiring that "crime victims" be heard can be used by this Court to convene an evidentiary hearing as to the truth of the assertions underlying a guilty plea or to explore the Government's charging decisions.

Similarly, LiPuma has not shown that he was directly and proximately harmed as a result of the aforementioned statements to the FBI. To the contrary, he asserts that he has been harmed by Barzman's "fraudulent representations and omissions (*directed to me*)." LiPuma Letter at 2 (emphasis added).

For the foregoing reasons, the Court finds that neither BVCG nor LiPuma are "crime victims" under the statute. Accordingly, they do not have the right to be heard. As a result, BVCG's requests to continue the sentencing hearing, convene an evidentiary hearing, and assert a claim for restitution are DENIED. Similarly, LiPuma's request to continue the sentencing hearing and assert a claim for restitution is also DENIED.

The sentencing hearing will go forward on Friday, August 18, 2023, **at the new time of 11:00 a.m**. In sentencing Barzman, the Court will give no consideration to the submissions of BVCG or LiPuma or the facts alleged therein. The Court will also give no consideration to the

responsive submissions of the Government and Barzman or the facts alleged therein, except to the extent that they are already contained within the PSR and/or Sentencing Positions.[2]

THEREFORE, FOR GOOD CAUSE SHOWN:

1. BVCG's request to continue the sentencing hearing, convene an evidentiary hearing, and assert a claim for restitution is DENIED;
2. Richard LiPuma's request to continue the sentencing hearing and assert a claim for restitution is DENIED; and
3. Court shall not consider any of these aforementioned submissions (namely, ECF Nos. 33, 35, 40, and 41) in sentencing Michael Barzman.

**IT IS SO ORDERED.**

Dated: August 17, 2023

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge

---

[2] The Court acknowledges that, in their responses, ECF Nos. 40-41, the parties summarized material and facts which may be found in the PSR and/or Sentencing Positions. The Court will only consider the material and facts found in the PSR and/or Sentencing Positions.